[Filed November 21, 1887.]

A. S. KIMBALL, RESPONDENT, v. JOHN MOIR ET AL., APPELLANTS, AND THE DUNDEE MORTGAGE AND TRUST INVESTMENT COMPANY, RESPONDENT.

ATTORNEY'S FEE IN A PROMISSORY NOTE. — A provision in a promissory note for a stipulated attorney's fee of ten per cent upon the amount found due is of no legal effect, and the court will not enforce it.

MODIFIED ALLOWANCE — OFFER TO PAY. — The court will not modify the amount and then enforce it as modified, except so far as offered or admitted by the defendants.

APPEAL from Multnomah County.   Modified.

*McDougall & Bower*, for Appellants.

*Dolph, Bellinger, Mallory & Simon*, for Respondent A. S. Kimball.

*Whalley, Bronough & Northup*, for Respondent The Dundee M. & T. I. Co.

STRAHAN, J. — There is but a single question presented by this appeal, and that is whether or not this court will enforce an

agreement in a promissory note to pay ten per cent on the amount due, as attorney's fees, in case of suit thereon. The amount due on the note, principal and interest, at the date of the decree was $5,080, and the amount of attorney's fees allowed in the court below was $508. In *Balfour* v. *Davis*, 14 Or. 47, we had occasion to consider the effect of inserting in a note a fixed percentage, payable as attorney's fees, in case of suit thereon, and declined to enforce it or give it any legal effect. In referring to the case of *Peyser* v. *Cole*, 11 Or. 30, it was said: ". . . . We do not feel disposed to extend the doctrine there announced beyond the precise question then before the court." To allow the attorney's fees in this case would be a departure from the doctrine thus announced.

We further held, in effect, in *Balfour* v. *Davis*, *supra*, that when the parties had fixed the amount of attorney's fees in a note which was unconscionable and unreasonable, we would not undertake to partially enforce the contract, by fixing such sum as we might deem reasonable. If a party wishes to indemnify himself for attorney's fees in case of suit upon a promissory note, he may do so by providing therein for a reasonable attorney's fee. It is not practicable, nor is it consistent with sound public policy, to allow parties at the inception of a transaction of this nature to determine the amount of attorney's fees to be paid in case of default. It is impossible for them to know at that time the extent or value of the services to be rendered. In such a case they will always be placed at the highest possible limit, and the defendant may show their unreasonableness, if he can. Some of the authorities hold that the insertion in a note of a fixed percentage as attorney's fees, in case of suit, is to be regarded as a penalty, from which the court in giving judgment may vary according to the circumstances of the particular case. But such is not the nature of the transaction, nor was it the intention of the parties. It is a liquidated sum, to be paid, at all events, if suit is brought. I think if such a contract is good for any purpose, it must be enforced as the parties made it; and therefore, for the reasons stated in *Balfour* v. *Davis*, *supra*, we refused to modify and then enforce it as modified. But on the other hand,

if a contract provides for a reasonable attorney's fees, the court, when called upon to enforce it, as soon as the extent of the services rendered by the attorney is ascertained, has knowledge of their value, and can always make the proper allowance without the possibility of unfairness or abuse. If necessary, the parties could also offer evidence on the subject to assist the court in reaching a conclusion as to the value of such service.

It appears from this record that the plaintiffs offered evidence tending to prove the reasonableness of the attorney's fees claimed. This evidence could not be considered without wholly ignoring the terms of the contract that had fixed the amount, and such evidence was clearly irrelevant. We perceive no rule consistent with sound legal principle that will partially recognize the validity of such contracts, and hence, in *Balfour* v. *Davis, supra,* we refused altogether to enforce such a contract, and to that we adhere.

Let the decree be modified as to attorney's fees, except as to the amount offered or admitted by the defendants, and affirmed in all other respects.