[Filed November 24, 1891.]

## D. D. LEVENS, ADMINISTRATOR, *v.* W. F. BRIGGS ET AL.

INTEREST—PUBLIC POLICY—VOID CONTRACT.—Although not usurious, an agreement is void as against public policy which provides in the same instrument securing the principal debt that unless paid at certain stated intervals the interest thereon shall be compounded.

ATTORNEY FEES—PROMISSORY NOTES.—A stipulation in a promissory note for the allowance of a specified percentage as attorney fees in a suit or action to collect the note, is void, and in such cases no attorney fee will be allowed. *Balfour* v. *Davis,* 14 Or. 47, approved and followed.

Douglas county: M. L. PIPES, Judge.

Defendants appeal.    Modified.

This is a suit to foreclose a mortgage. The complaint alleges that on the twenty-fifth day of April, 1881, at Canyonville, Douglas county, Oregon, the defendants W. F. Briggs and Elizabeth Briggs made their promissory note of that date and thereby promised to pay to Dan A. Levens, or order, twenty-five hundred dollars, ten years after date, with interest thereon at the rate of ten per cent per annum from date until paid, the interest to be paid annually, and if not so paid to be considered as an additional amount of principal, and to bear like interest per annum, and a reasonable attorney fee to be added if collected by process of law or by an attorney, for value received. The complaint then alleges the making of the mortgage to secure the payment of the note, describes the premises and contains the necessary facts to entitle the plaintiff to a decree of foreclosure, and demands a decree for the sum of $4,030.43 and $400 attorney fee.

Marks & Co. and Manning were made defendants as subsequent lien holders. They answered, alleging the nature of their respective liens. Briggs and wife answered, admitting that they executed a note to said D. A. Levens in the sum of $2,500, payable ten years after date with interest thereon at the rate of ten per cent per annum; but deny that by the terms of said note they promised or agreed to pay a reasonable attorney fee or any attorney fee if said note should be collected by process of law or by an attorney;

admit the execution of the mortgage to secure the payment of said note, but deny that there is due or unpaid on said indebtedness the sum of $4,030.43 or any other or greater sum than $3,531.23; deny also the reasonableness of the attorney fee claimed.

For a separate defense the answer then sets out a copy of said note as follows:

" 2500.00.          CANYONVILLE, Oregon, April 25, 1881.

" For value received, ten years after date, we or either of us promise to pay to Dan A. Levens, or order, two thousand five hundred dollars, U. S. gold coin, with interest thereon, in like gold coin, at the rate of ten per cent per annum from date until paid; and we hereby further agree that if the interest shall not be paid at the expiration of each year, that said accrued interest shall be considered as an additional amount of principal to the original, and bear like interest per annum from the date of the expiration of each year; the interest on the latter is to be paid in like manner as the original, and ten per cent to be added for attorney's fees if collected by process of law or by an attorney.

"W. F. BRIGGS,
"ELIZABETH BRIGGS."

It is further alleged therein that thereafter the said defendants paid upon said promissory note the following sums, to wit: April 25, 1883, $26.90; July 25, 1883, $300; June 23, 1884, $800; October 22, 1885, $100; that there is now due, owing and unpaid upon the said promissory note the sum of $3,531.23, and no more.

The answer contained another separate defense, alleging in effect that said note was usurious by reason of the particular provision therein, in substance that accrued interest after due might bear interest.

These defenses were demurred to, and on the fifteenth day of July, 1891, the court, being in doubt what judgment ought to be entered thereon, took the same under advisement, so the record recites; but the demurrers are not in

the transcript, nor does the record disclose what disposition the court made of them; but on the nineteenth day of July, 1891, a decree of foreclosure was entered in favor of plaintiff for the sum of $4,130 and $400 attorney fee, from which the defendants Briggs and wife have appealed.

*J. C. Fullerton,* for Appellants.

A provision in a note for a certain per cent as attorney fees in case suit or action is instituted to collect the note, is void. (*Balfour* v. *Davis,* 14 Or. 47; *Bank of Ogden* v. *Davidson,* 18 Or. 57.)

Where the principal is payable on long time, and the interest is payable annually or at shorter periods, and such interest is not paid when due, according to the older cases, and as the law seems to be settled in the majority of the states, no interest can be collected upon such arrears of interest. (1 Suth. Dam. 680; 1 Jones Mort. § 650; *Murray* v. *Oliver,* 3 Or. 539.)

An agreement to make interest as it matures become principal so as to bear interest when said interest is not evidenced by a separate negotiable instrument and the rate of interest is the highest legal rate, constitutes usury. (*Drury* v. *Wolfe,* 134 Ill. 294.)

Compound interest can only be allowed on a special agreement in writing after the lawful interest has become due. (*Van Benschooten* v. *Lawson,* 6 Johns. Ch. 313; 10 Am. Dec. 333; *Connecticut* v. *Jackson,* 1 Johns. Ch. 13; 7 Am. Dec. 471.)

An agreement made at the time of the original contract or loan, that interest shall begin and run upon the lawful interest from the period stipulated for its payment, is not valid. (*Van Benschooten* v. *Lawson,* 6 Johns. Ch. 313; 10 Am. Dec. 333; *Mason* v. *Callender,* 2 Minn. 350; 72 Am. Dec. 102.)

Compound interest, although not forbidden by statute, is iniquitous, and equity will not enforce its payment even where there is an agreement to pay it. (*Breckenridge* v. *Brooks,* 2 Marsh. A. K. 335; 12 Am. Dec. 401.)

Contracts for future compound interest will not be enforced in equity nor it seems in law. (*Cox* v. *Smith*, 1 Nev. 161; 90 Am. Dec. 476.)

Money due for interest may by agreement be changed into principal to bear interest in future, but not otherwise. Interest cannot be calculated on interest several years in arrears. (24 Md. 62; 87 Am. Dec. 594; *Bowman* v. *Neeley*, Ill. May 11, 1891, 27 N. E. Rep. 758.)

*William R. Willis*, for Respondent.

This note provides that if the interest be not paid annually, it shall bear interest at the same rate as the principal. This agreement is valid and founded upon a sufficient consideration. (*Hathaway* v. *Meads*, 11 Or. 66; *Carter* v. *Carter*, 76 Iowa, 474; *Wood* v. *Whisler*, 67 Iowa, 676; *Rix* v. *Strauts*, 59 Mich. 364; *Bowen* v. *Barksdale*, (S. C.) 11 S. E. Rep. 640; *Kurz* v. *Suppiger*, 18 Ill. App. 630; *Vaughan* v. *Kennan*, 38 Ark. 114; *Thayer* v. *Wilmington Mining Co.* 105 Ill. 540; *Mueller* v. *McGregor*, 28 Ohio St. 265.)

A stipulation for attorney fees in a note is valid. (*Peyser* v. *Cole*, 11 Or. 39; 50 Am. Rep. 451; *Huling* v. *Drexell*, 7 Watts, 126; *Smith* v. *Silvers*, 32 Ind. 321.)

STRAHAN, C. J.—Upon this appeal two questions were argued. The first was that the court erred in finding the amount due on said note and mortgage to be $4,130 instead of $3,531.23, and the second was that the court erred in allowing $400 or any sum as attorney fee. These questions will be separately considered.

The only contention of the appellant on the first proposition is, that the court should not have computed interest upon interest after it annually became due and remained unpaid agreeably to the terms of the note. It was conceded upon the argument here that if the plaintiff was entitled to interest on the accrued interest after it became due and remained unpaid, then the amount of the decree is correct. On the other hand, it was conceded by the plaintiff's counsel that if the plaintiff was not entitled to said interest on

the accrued interest after it became due, then the decree would have to be modified as claimed by appellant. In other words, the amount of interest upon overdue interest would have to be deducted from the amount found due by the lower court. The sole question, therefore, is whether or not it is lawful for parties to contract in the same writing evidencing the principal debt for interest upon interest after it shall become due and remain unpaid. The general trend and effect of all the earlier cases and authorities are against the validity of that part of such contract which attempts to provide for compounding the interest. Though not usurious, such contracts are said to be iniquitous, and will be enforced neither in courts of law nor equity. (Tyler on Usury, 241.) And Chancellor Kent said, in *Van Benschooten* v. *Lawson*, 6 Johns. Ch. 313; 10 Am. Dec. 333, that an agreement made at the time of the original contract of loan, that interest shall begin and run upon the lawful interest from the period stipulated for its payment, is not valid. (*Breckenridge* v. *Brooks*, 2 Marsh. A. K. 335; 12 Am. Dec. 401; *State* v. *Jackson*, 1 Johns. Ch. 13; 7 Am. Dec. 471; 3 Rand. Com. Pap. § 1706; *Bowman* v. *Neeley*, Ill. May 11, 1891; 27 N. E. Rep. 758; *Young* v. *Hill*, 67 N. Y. 162; 23 Am. Rep. 99; *Thayer* v. *Wilmington Mining Co.* 105 Ill. 540; *Stokely* v. *Thompson*, 34 Pa. St. 210; *Rose* v. *Bridgeport*, 17 Conn. 243; *Drury* v. *Wolfe*, 134 Ill. 294; *Perkins* v. *Coleman*, 51 Miss. 298; *Catlin* v. *Lyman*, 16 Vt. 44.)

On the other hand, a very respectable array of authorities holds the contrary rule. In *Hale* v. *Hale*, 1 Coldw. 233; 78 Am. Dec. 490, it was held that parties to a loan may lawfully agree when it is made, that if the interest be not paid at the time stipulated, it shall be treated as principal and bear interest. (Note to *Calhoun* v. *Marshall*, 34 Am. Rep. 101; *Vaughan* v. *Kennan*, 38 Ark. 114; *Wood* v. *Whisler*, 67 Iowa, 676; 5 Lawson's R. & Rem. § 2443; *Mueller* v. *McGregor*, 28 Ohio St. 265; *Bowen* v. *Barksdale*, (S. C.) 11 S. E. Rep. 640; *Doig* v. *Barkley*, 3 Rich. L. 125; 45 Am. Dec. 762; *Talliaferro* v. *King's Admr.* 9 Dana, 331; 35 Am. Dec. 140; *Bledsoe* v. *Nixon*, 69 N. C. 89; 12 Am. Rep. 642; *Pearce* v. *Hennessy*, 10 R. I. 223; *Peirce's Exr.* v. *Rowe*, 1 N. H. 179; *Townsend* v. *Riley*, 46 N. H. 300.)

There have been two cases in this court in which the question of compound interest was referred to. The first is *Murray* v. *Oliver*, 3 Or. 539; but the question in that case turned upon the construction of the statute of 1854. That statute expressly allowed interest to be compounded, but prohibited it oftener than once a year. In an action upon a note which provided for the payment of interest half-yearly, and to be compounded if not paid when due, the court held the contract severable, and enforced the note in all respects, except the interest was not compounded. *Hathaway* v. *Meads*, 11 Or. 66, was an action on a note given for interest upon interest after it had accrued and become due according to a previous agreement to pay it, and it was held that the claim to interest upon interest was regarded so far an equitable one that a note given for the payment of it would be sustained and enforced as founded upon a sufficient consideration. In the *New England Security Co.* v. *Vader*, 12 Saw. 62, it was held that a contract to pay interest on a coupon or interest note after maturity, would be enforced; but the more stringent line of authorities upon the subject allow this as an exception.

Looking at the policy of this state on the subject of usury and interest, as well as the general principles upon which the rule referred to is founded, we are led to follow the cases first cited in this opinion, and to hold that interest upon interest is not collectible when it is stipulated and provided for in the same instrument securing the principal debt.

The remaining question is whether any attorney fee is collectible under this note. In *Balfour* v. *Davis*, 14 Or. 47, the parties contracted for a specified percentage in case of suit, and we refused to enforce it or to allow any attorney fee. Had the note provided for a reasonable attorney fee, to be ascertained by the court, as was done in *Peyser* v. *Cole*, 11 Or. 39, there could have been no legal objection; but where the parties stipulated for an oppressive and unconscionable amount, no court ought to enforce it; and because that method had grown into an oppressive abuse, and the

courts were being used to make it effectual, we thought best to announce the rule that no attorney fee would be allowed by the courts if the amount thereof be specified in the contract.

The reasons are obvious. No one can know beforehand the value of legal services in enforcing collection until their extent is certainly known. If a stubborn defense were interposed, and the case should be carried to the highest court, certainly a somewhat more liberal amount ought to be paid than if the defendant made default. Besides, if it be conceded that the parties may specify the amount if it be reasonable, it is somewhat difficult on principle to say they shall not determine for themselves what is reasonable. This case falls within *Balfour* v. *Davis, supra,* and must be controlled by it.

It therefore follows that there must be a foreclosure for the amount due upon the note and simple interest, and there will be no allowance for attorney fees.

The decree appealed from will be modified according to this opinion.