Argued November 14, 1919, modified January 20, motion to retax costs
denied February 17, 1920.

# PARKS v. SMITH.

## (186 Pac. 552, 554.)

**Mortgages—Foreclosure—Defendant has Burden of Proving Counter-
claim for Fraud.**

1. In action to foreclose purchase-money mortgage, in which de-
fendants counterclaimed damages for false representations, the burden
of proving fraud and damages was upon defendants.

**Fraud—No Damages for Misrepresentation in Land Exchange Trans-
action Where Property Exchanged is of Equal Value.**

2. A party to a land exchange transaction cannot recover damages
for misrepresentations made by adverse party in effecting transaction
where they receive property of equal value.

**Mortgages—Amount of Attorney's Fees Governed by Laws of State in
Which Suit is Brought.**

3. Oregon court, in foreclosing mortgage securing note providing
for an additional 10 per cent as attorney's fees, will not allow a rea-
sonable amount for attorney's fees pursuant to California law, though
note was executed in California, notwithstanding Section 5835, L. O. L.;
attorney's fees being a matter of procedure.

**Mortgages—No Reasonable Attorney's Fee Allowed Under Provision
of Note Providing for a Fixed Amount.**

4. Where parties stipulate in a note for the fixed amount to be
allowed as attorney's fee in case of suit, whether much or little is
done in such suit, the court will not make a new contract for such
parties and adjudicate a reasonable amount for the services of the
attorney nor allow any attorney's fee except the statutory costs.

**Mortgages—Agreement to Pay Reasonable Attorney's Fee Valid.**

5. An agreement by a debtor to pay such sum as the court may
adjudge reasonable as attorney's fees in case of suit or action to en-
force payment is valid.

[As to the validity and enforceability of provision in mortgage
fixing attorney's fees on foreclosure, see note in 19 Ann. Cas.
1068.]

### ON MOTION TO RETAX COSTS.

**Appeal and Error—Costs on Modification of Decree—Prevailing Party.**

6. Where upon appeal decree of lower court is modified in a sub-
stantial amount, appellant is entitled to costs and disbursements, un-
less for equitable reasons appellate court shall decree otherwise.

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 2.

This is a suit to foreclose a mortgage for $900 and interest. A decree was rendered in favor of plaintiffs, from which defendants appeal.

The defendants, by their answer, pleaded as a counterclaim that the plaintiffs misrepresented the land conveyed to defendants by plaintiffs in exchange for real property of defendants to their damage in the sum of $4,000. The reply put in issue the averments of the answer.                                        MODIFIED.

For appellants there was a brief over the names of *Mr. J. M. Devers* and *Mr. C. A. Hardy*, with an oral argument by *Mr. Devers.*

For respondents there was a brief and an oral argument by *Mr. Fred E. Smith.*

BEAN, J.—On February 15, 1916, the defendants were the owners of four lots with a frontage of one hundred feet, and two small houses in the City of San Diego, California; the plaintiffs were the owners of all of the W. $\frac{1}{2}$ of the NW. $\frac{1}{4}$ and the NW. $\frac{1}{4}$ of the NE. $\frac{1}{4}$ and the NE. $\frac{1}{4}$ of the NW. $\frac{1}{4}$ of Sec. 24, Tp. 17 S., R. 11 W., W. M., containing 160 acres of land, more or less, in Lane County, Oregon. The plaintiffs and defendants exchanged their respective properties. Each valued their property at $6,000. There was a mortgage of $800 on the San Diego property which plaintiffs assumed. As an offset to this mortgage defendants executed to plaintiffs a note and mortgage on the Oregon property for $900 with interest. At the time of the trade all of the parties were in San Diego. Plaintiffs had entered the Oregon land as a pre-emption; had not lived on it for about twenty years, and

had not seen it for about twelve years. No one else had lived on the land. Defendants allege, as the gist of their answer, that:

"In order to persuade and induce these defendants to make said trade and exchange, the said plaintiffs represented and stated to these defendants that the property of said plaintiffs, being the above-described property, was located only five and one-half miles from Mapleton, in Lane County, Oregon, by wagon road, and only three and one-half miles by section line; that all of said land was level and tillable except two acres; that there were on said land no big trees except twenty or thirty dead fir or cedar trees; that the river crossed said land at only one place, and that being directly across one forty; that all of said land was low bench or bottom land; that the public highway skirted the said premises, and that said land was of the reasonable market value of $6,000.

"These defendants allege further that the said Lane County land is ten miles from Mapleton, that there are not to exceed 50 or 60 acres of said land which is level, that the remainder is rough, hilly, precipitous, some of which is inaccessible by reason of its steep and precipitous nature; that practically the whole of said land is heavily timbered with large dead trees, mostly fallen, a part of which timber is what is described as 'an old burn'; that the public highway which is 60 feet in width traversed said land in a zigzag manner; that the river enters and crosses said land at three different points, making thereby much of said land valueless."

Defendants also allege that the premises were not worth to exceed $1,200.

It appears that defendant Parks advised plaintiff Smith to inspect the land, but instead of so doing he made inquiry in regard to the real property of one Shulte who had recently been in the neighborhood of the land for about a week and once went to the land

but did not go over it. Shulte inquired of people living near the land, in respect to the same, and states that he informed Smith as to what he had heard, advising him to "discount" the report, and that there were said to be from sixty to one hundred acres of tillable land in the tract, that it was brushy and very hard to clear. It is estimated by testimony on behalf of defendants that there are about fifty or sixty acres of bottom and low bench land which is very productive when cleared and can be tilled; and that the balance of the quarter is hilly fern land, of little value. It seems that defendants made an independent investigation in regard to the land, but they relied upon mere hearsay or rumor. Defendant Smith had lived in Lane County prior to the time of the trade, and was informed that the land was covered with brush and small timber and practically unimproved. The timber was examined by a timber cruiser, who estimated the value to be $850, at $1 per thousand. Smith wrote to the postmaster living near the land, inquiring in regard thereto; but did not wait until he received an answer before trading. The defendants were careless and negligent in the transaction. They now complain that it will cost $50 or $60 per acre to clear the land so that it can be cultivated: See *Waymire* v. *Shipley,* 52 Or. 464, 473 (97 Pac. 807). Both parties to the deal puffed their property and greatly exaggerated the value.

The trial court found the San Diego lots were of the fair market value of $2,500. It appears there had been a flood in the locality a short time before the exchange; the lots were about three miles from the business center of the city, with inconvenient street car service; and there was little or no demand for the property except for trade. The trial court fixed the fair market value of the Oregon property at $2,000. We are un-

able to determine from the evidence which of the properties was, at the time, of greater value.

1, 2. We concur in the conclusion of the learned trial judge, that the defendants have failed to prove the facts alleged as a defense. The court cannot make a new contract for the parties. In order to conserve space we mention only a portion of the facts. There is a conflict in the evidence. The lower court heard the witnesses for the defendants and its findings are entitled to great weight. The burden of proving fraud and damages is upon the defendants: *Weimer* v. *Smith,* 22 Or. 469, 475 (30 Pac. 416; *Hamlin* v. *Tharp,* 88 Or. 169 (171 Pac. 894). Defendants cannot recover damages for misrepresentation in effecting an exchange of property, if they received property of equal value: *Ward* v. *Jenson,* 87 Or. 314 (170 Pac. 538); *Salisbury* v. *Goddard,* 79 Or. 593 (156 Pac. 261).

The note and mortgage in the suit were executed in the State of California, and provide as follows:

"Should suit be commenced or an attorney employed to enforce the payment of this note, we agree to pay an additional sum of 10 per cent on principal and accrued interest, as attorney's fees in such suit."

3. Defendants assert that the court erred in allowing plaintiffs an attorney's fee of $115 in this suit. It is alleged and shown that under the statute of the State of California, in actions for the foreclosure of a mortgage, where the mortgage provides for the payment of attorneys' fees, the court may allow "such sum for such fees as the court shall find reasonable, not exceeding the amount named in the mortgage." Plaintiffs urge that the note having been executed in California, that law should govern, in view of Section 5835, L. O. L., which enacts, that the sum payable in a negotiable instrument "is a sum certain within the mean-

ing of this act, although it is to be paid * * (5) with
cost of collection or an attorney's fee, in case payment
shall not be made at maturity." We fail to see that
the latter section of our negotiable instruments law
affects the matter of attorneys' fees in a suit to fore-
close a mortgage.

4, 5. The statute of California does not change the
procedure in a suit to foreclose a mortgage in this
state. It is quite well settled in Oregon that where
parties stipulate in a note for a fixed amount to be al-
lowed as an attorney's fee, in case of suit, whether
much or little is done in such suit, the court will not
make a new contract for such parties and adjudicate a
reasonable amount for the services of the attorney nor
allow any attorney's fee except the statutory costs.
This question is not an open one. We have no statute
like the one in California: *Balfour* v. *Davis,* 14 Or. 47,
53 (12 Pac. 89); *Kimball* v. *Moir,* 15 Or. 427 (15 Pac.
669); *Bank* v. *Davidson,* 18 Or. 57, 68 (22 Pac. 517);
*Levin* v. *Briggs,* 21 Or. 333 (28 Pac. 15, 14 L. R. A. 188).
See note, Ann. Cas. 1917D, page 365. We see no valid
reason for changing the long-established rule. An
agreement by a debtor to pay such sum as the court
may adjudge reasonable, as attorneys' fees, in case of
suit or action to enforce payment, is upheld in this
state: *Peyser* v. *Cole,* 11 Or. 39 (4 Pac. 520, 50 Am.
Rep. 451).

The decree of the lower court will be modified by
eliminating the attorney's fee, $115, and affirmed as
modified.                              MODIFIED.

McBRIDE, C. J., and JOHNS and BENNETT, JJ., con-
cur.

95 Or.—20

Denied February 17, 1920.

## Motion to Retax Costs.

### (186 Pac. 554.)

Respondents file motion to retax costs as allowed by clerk.      Motion Denied.

*Mr. Fred E. Smith,* for the motion.

*Mr. J. M. Devers* and *Mr. C. A. Hardy, contra.*

BEAN, J.—The decree of the Circuit Court in the above-entitled suit having been reduced upon appeal to this court in the sum of $115, in an opinion rendered January 20, 1920, the clerk properly taxed the costs against the respondents, who now file a motion to retax the costs and disbursements and allow respondents their costs.

6. It is not necessary to cite authorities to the effect that the prevailing parties, upon an appeal where the decree is modified, are entitled to their costs and disbursements in a suit in equity, unless for equitable reasons the court shall decree otherwise. Upon the hearing upon the merits it was not considered that the equities of the case demanded that the rule as to costs should be relaxed or changed. We are still of the same opinion. The motion to retax is in effect an application for rehearing. The decree having been modified in a substantial amount, the appellants are entitled to their costs.

The motion to retax the costs is denied.

Motion Denied.