Submitted on briefs December 30, 1924, affirmed January 20, rehearing denied February 17, 1925.

## MRS. E. E. RALSTON, BY GUARDIAN, *v.* C. F. STONE AND L. L. LOW, SHERIFF.

(232 Pac. 631.)

**Judges—Motion and Affidavit Disqualifying Judge to Pass on Demurrer Because of Prejudice must be Filed Before Submission.**

1. To disqualify judge to pass on demurrer to complaint on ground of prejudice against defendant, motion, supported by affidavit, not stating facts showing disqualification, but merely the legal conclusion permitted by Sections 45—1 to 45—4, Or. L., requiring filing before "hearing upon demurrer," must be filed before submission of demurrer to court for decision.

**Bills and Notes—Stipulation Authorizing Recovery of Specified Percentage or Amount of Attorney's Fees Invalid.**

2. Stipulation or provision in note that, in action thereon or suit to foreclose mortgage securing payment, holder may recover from maker stipulated, fixed or specified percentage or amount of attorney's fees, is invalid, and does not authorize recovery of attorney's fees in any amount.

**Judgment—Decree Erroneously Awarding Attorney's Fees to Plaintiff on Foreclosure of Mortgage Held Binding on Defendants and Plaintiff's Guardian.**

3. Decree of court, having jurisdiction of subject matter and defendants in mortgage foreclosure suit, erroneously awarding attorney's fees to plaintiffs *held* binding on defendants who took no steps to correct error and failed to redeem, and on coplaintiff, not moving to correct error, nor appealing from decree, but suing, as

---

2. Validity of stipulation in promissory note for attorney's fees, see notes, 55 Am. St. Rep. 438; Ann. Cas. 1917D, 365, 375, 378; L. R. A. 1915B, 928. See also, 3 R. C. L. 894.

3. See 15 R. C. L. 960.

mortgagee's guardian, to restrain execution of deed of part of land
to attorney in payment of fee.

**Judgment—Mortgagee's Guardian Held not Entitled to Attack Decree Erroneously Awarding Attorney's Fees to Plaintiffs, on Ground of Mortgagee's Refusal to Consent to Foreclosure Suit.**

4.   Under Sections 392, 394, Or. L., decree erroneously awarding
attorney's fees to plaintiffs on foreclosure of mortgage at suit of
mortgagee, her daughter individually, and another, could not be
attacked by daughter suing as mortgagee's subsequently appointed
guardian to restrain execution of deed of part of land to attorney
in payment of fees, on ground that mortgagee did not consent to
foreclosure suit, in absence of allegation that court was informed
of her refusal to consent; she having ratified such action through
guardian, who claimed benefits of foreclosure for ward.

See (1) 33 C. J. 1013. (2) 8 C. J. 149. (3) 34 C. J. 901, 990-
(4) 34 C. J. 1023 (1926 Anno.).

From Klamath: A. L. LEAVITT, Judge.

In Banc.

Plaintiff appeals from a decree sustaining a demurrer to her complaint and dismissing the suit.

The complaint sets forth two causes of suit.   In the first she alleges, in substance, that Mrs. E. E. Ralston has an estate in Klamath County, Oregon, and is an aged and infirm person who resides in the city of San Diego and State of California; that the County Court of Klamath County, Orgon, found that Mrs. Ralston was mentally incapable of conducting her own affairs and of managing and taking care of her estate in that county, and on October 27, 1923, by an order of said court, this plaintiff was duly appointed as guardian for Mrs. Ralston of her estate in said county; that Mrs. Ralston was the owner of a certain farm in Klamath County, known as the Ralston Ranch, consisting of 2,560 acres of land, and on September 24, 1919, sold said land to one Ivan E. Kilgore, who, together with his wife, executed and delivered to Mrs. Ralston a promissory note for the sum of $118,750 payable in twenty-five annual in-

stallments of $4,750 each, and to secure the payment
thereof executed and delivered to Mrs. Ralston an
indenture of mortgage upon said land; that on May
19, 1921, by a written assignment, Mrs. Ralston
transferred to plaintiff, who, according to plaintiff's
brief, is the daughter of Mrs. Ralston, the payment
falling due under said mortgage on January 1, 1922,
and each alternate payment falling due thereafter;
that on June 30, 1922, the mortgagors being in de-
fault, a suit to foreclose the mortgage was com-
menced in the Circuit Court for Klamath County,
wherein this plaintiff individually and Mrs. Ralston
and one E. S. Torrance were named as plaintiffs,
and said mortgagors and the Citizens Savings Bank
were defendants; that on July 25, 1922, a decree in
favor of the plaintiffs was entered in said suit for
the recovery by plaintiffs of the sum of $114,000,
with interest, and for the further sum of $5,700 at-
torney's fees, and directing the sale of said mort-
gaged property to satisfy said sums; that an execu-
tion under said decree and an order of sale of said
mortgaged property issued, and on October 2, 1922,
the mortgaged property was sold to satisfy the sums
found due under said decree, which sale was con-
firmed by order of the Circuit Court on October 16,
1922; that the defendant, C. F. Stone, was the attor-
ney for the plaintiffs in said suit, and in satisfaction
of the sum allowed by said decree for attorney's fees
in said suit, purchased at said sale in his own name
280 acres of said land; that the land so purchased
by him was of the value of $40 per acre and of the
aggregate value of $11,200, and that he bid in the
remainder of said land for Mrs. Ralston and for
plaintiff individually in two tracts of equal value,
1,120 acres for Mrs. Ralston and 1,160 acres for
plaintiff. It is then alleged that the lands purchased

for the plaintiff contained all of the building improvements on said ranch and the water supply for the westerly part of said ranch; that the 280 acres purchased by the defendant Stone are of great value because of their fertility and because they possess an abundant supply of water from springs, and that the 1,120 acre tract purchased for Mrs. Ralston contains no building improvements and has no springs or water supply, and to make the same valuable requires the inclusion therein of the 280 acres purchased by the defendant Stone. The complaint also alleges that the note and mortgage both contain the following provision: ''Should suit be commenced or an attorney be employed to enforce the payment of this note, we agree to pay an additional sum of 5 per cent on principal as attorney's fees in such suit.'' This provision, it is alleged, was invalid and unenforceable, and it is further alleged that the judgment and decree in the foreclosure suit, so far as, and to the extent only that, it directs the payment of attorney's fees ''was and is contrary to law and equity, against good conscience and invalid,'' and that ''all the proceedings based thereon, namely, the execution, sheriff's sale, sheriff's return of sale and the order of confirmation thereof, in so far as they tend or pretend to convey title to defendant C. F. Stone, should be by this court held for naught and annulled.'' Then follows an allegation that the sheriff's sale of said parcel of land to the defendant Stone was invalid and ought not to have been confirmed, and that the defendant Low is the sheriff of that county and threatens to and will, unless restrained, execute and deliver to the defendant Stone a sheriff's deed for said 280 acres of land and prays that he be restrained from so doing.

After realleging all of the foregoing facts, the second cause of suit, in addition thereto, in substance

alleges that Mrs. Ralston had no knowledge of the bringing or pendency of the foreclosure suit; that she did not employ the defendant Stone to foreclose the mortgage nor consent to its foreclosure nor authorize anyone to use her name in the foreclosure of the mortgage, and that after the entry of the decree and before the sale, and on September 19, 1922, a document, a copy of which was attached to the complaint and marked Exhibit "E," was executed and filed in said court and cause. This document reads as follows:

"In the Circuit Court of the State of Oregon for Klamath County.

"Equity No. 1458.

"Alice Garland, Mrs. E. E. Ralston and E. S. Torrance, Plaintiffs,

vs.

Ivan E. Kilgore, Gladys H. Kiglore and Citizens Savings Bank, a Corporation, Defendants.

"Instructions Given Plaintiffs' Counsel as to the Sale of the Lands Under the Execution Issued Herein.

"Whereas, C. F. Stone, the attorney of record for the plaintiffs in the above-entitled suit has on their behalf sued out an execution therein directing the sale of the lands described in the mortgage foreclosed by the decree of the court rendered and entered in said suit, which lands have been advertised for sale under and by virtue of said execution, on the 2d day of October, 1922; and whereas said plaintiffs, Alice Garland and Mrs. E. E. Ralston, as between themselves, have an equal interest in the judgment for $114,000.00 rendered and entered in the above-entitled suit, and have an equal right to the sums of money which may be bid as the purchase price of said lands at the sales had under said execution, after deducting the costs of suit, the expenses of sales, the attor-

ney's fee allowed by said decree amounting to $5,700.00, and the payment of all delinquent taxes and assessments made or levied against said lands, or any part of the same; provided, however, that any lands which may be purchased at the sale under said execution by said Alice Garland shall remain subject to a lien thereon or an interest therein to the extent and amount of $5,350.00, to which amount the plaintiff E. S. Torrance is entitled as specified in the findings of the court in said suit, together with interest at seven per cent per annum accruing thereon until paid; and whereas said plaintiffs, Alice Garland and Mrs. E. E. Ralston are desirous that the lands subject to be sold under the execution issued to enforce said decree shall bring in the aggregate a purchase price not less than $75,000.00.

"Now therefore the above named plaintiffs, Alice Garland and E. S. Torrance, under their own signatures respectively, and said plaintiff Mrs. E. E. Ralston, a resident of the city of San Diego, California, by J. C. Hizar, an attorney at law duly licensed to practice in the courts of California, also residing in said city of San Diego, who has been employed and authorized by the plaintiff Mrs. E. E. Ralston to look after her business affairs and property interests generally, including such proceedings as may be taken or had in the above entitled suit after judgment was rendered therein, do hereby authorize and most earnestly request said C. F. Stone, in his capacity as the attorney of record for all of us in the above entitled suit, to pursue the following course on our behalf in directing the disposal of said lands at said execution sale;

"1. That he endeavor to receive a cash bid, or bids, for the whole thereof, aggregating the sum of $75,000.00;

"2. Failing in this, that he purchase in his own name sufficient of said lands to satisfy the amount of the attorney's fee of $5,700.00 allowed by the court in the decree of foreclosure in said suit, with the understanding (the costs of suit, all the expenses incident to the sale of all the lands directed to be sold under said execution and all taxes or assess-

ments made or levied against the lands purchased by him having been first paid by the plaintiffs to said suit of foreclosure), that said Alice Garland and said Mrs. E. E. Ralston, their assigns, personal representatives, heirs or legatees, or guardians, or the assigns, personal representatives, heirs or legatees or guardians of either of them, shall have the right and privilege at any time within one year from the date of the certificate of sale of the lands purchased by said C. F. Stone, to have an assignment of said certificate of sale upon the payment to said C. F. Stone of the sum of $5,700.00, together with interest thereon at the rate of six per cent per annum from the date of said certificate of sale.

"3. That the lands other than those purchased by said C. F. Stone be divided by him into two parts or groups of equal value, so far as practicable, each part or group to be composed of contiguous tracts, as nearly as practicable. If a bid for $70,000.00 cannot be obtained for both of said parts or groups of lands, that said C. F. Stone purchase one of said tracts or groups of lands for the plaintiff Alice Garland at the price of $35,000.00, and that he purchase the other of said parts or groups of lands for the plaintiff Mrs. E. E. Ralston for the sum of $35,000.00, and take certificates of sale to said Alice Garland and said Mrs. E. E. Ralston, respectively, each reciting the purchase price of $35,000.00. It will not be necessary that the certificate of sale issued to Alice Garland shall refer to the lien or interest of the plaintiff E. S. Torrance, hereinbefore mentioned, the said E. S. Torrance intending to rely upon the recitals in the present instrument, and such subsequent agreement relating to said claim or lien as may hereafter be entered into by said Alice Garland and himself.

"Executed in triplicate, in the manner indicated in the body of the foregoing instrument, this 19th day of September, 1922.

"Alice Garland, Plaintiff.
"E. S. Torrance, Plaintiff.
"Mrs. E. E. Ralston, Plaintiff.
"By J. C. Hizar."

This document purports to have been signed in the name of Mrs. Ralston as attorney for her, by one J. C. Hizar, an attorney of San Diego, California, but it is alleged that Hizar was not employed by her nor authorized to sign her name thereto. It is also alleged that Stone knew that the foreclosure suit had been instituted without Mrs. Ralston's knowledge or consent, and that Exhibit "E" had not been executed by anyone having authority from her. The complaint also alleges that the defendants in the foreclosure suit made default; that their rights in the ranch have ceased and determined, and that through their failure to redeem the property the title thereto is now vested in Mrs. Ralston and in the plaintiff Alice Garland in her individual capacity. The complaint concludes with a prayer for alternative relief: (1) that all of the proceedings in said foreclosure suit in so far as they pertain to or were based upon that part of said decree which gave judgment for attorney's fees therein be vacated, annulled and set aside; that the purchase of the 280 acre tract of land by the defendant Stone be set aside and held for naught; that Mrs. Ralston be decreed to be the owner of the same in fee simple, and that the defendant Low, as sheriff, be enjoined and restrained from executing or delivering to the defendant Stone a deed for said land or any part thereof; or (2) that the defendant Stone be decreed to hold the land as trustee for Mrs. Ralston and be required to convey the same to her.

A decree was entered in the suit on July 25, 1922. A copy of this decree is attached to the complaint as Exhibit "C," and discloses that the plaintiffs recovered judgment and decree against Kilgore and his wife in the sum of $114,000 with interest and for

$5,700 attorney's fees and for the costs and disbursements of a suit. The mortgaged property is specifically described and the decree contains an order for its sale to satisfy the amounts thus found to be due.

To each cause of suit thus alleged the defendant demurred stating the same grounds for demurrer as to each cause of suit; namely, that it "does not state a cause of suit for the following reasons, apparent on the face thereof: 1. That plaintiff has accepted and is retaining, benefits under the judgment attacked. 2. That the guardian is seeking in her representative capacity, to undo the work accomplished in her private capacity. 3. That plaintiff secured the judgment of which she complains, satisfied same by the purchase of a parcel of the land involved, and, therefore, could have no further interest in the land purchased by the defendant, Stone; that the mortgagors and owners of the property, and not she, are the real parties in interest. 4. That more than a year has elapsed since the entry of the judgment attacked, and no reasons given to explain the delay. 5. That there is a defect of parties plaintiff, for the reason that it is apparent that Ivan E. Kilgore, Gladys A. Kilgore and Alice Garland are parties necessary to a complete settlement of the controversy."

The demurrer was argued and submitted on written briefs, and after its submission, but before it had been decided, the plaintiff filed an affidavit in said court and cause averring that the Circuit Judge of said court was so prejudiced against the plaintiff that she could not obtain a fair and impartial trial of her cause before him. The court disregarded said motion and sustained the demurrer as to each cause

of suit and dismissed the complaint. The plaintiff
appealed, contending that the court was without
jurisdiction to pass upon the demurrer after the fil-
ing of said affidavit, and that the court erred in sus-
taining the demurrer and dismissing the complaint.

AFFIRMED.    REHEARING DENIED.

For appellant there was a brief over the name of
*Mr. W. A. Wiest.*

For respondents there was a brief over the name
of *Messrs. Manning & Ganong.*

RAND, J.—1. The plaintiff challenged the qualifica-
tions of the Circuit Judge to pass upon the demurrer
to the complaint by filing in said court and cause,
under Sections 45—1, 45—4, Or. L., a written motion
supported by her affidavit that she believed that the
trial judge was so prejudiced against her that she
could not obtain a fair and impartial trial before
him. Said sections, in substance, provide that a Cir-
cuit Judge shall not hear or try any suit, action or
proceeding, when it shall be established that such
judge is prejudiced against any party or attorney
in the cause, and that such prejudice may be estab-
lished by a motion supported by an affidavit that the
judge is prejudiced so that such party or attorney
cannot or believes that he cannot have a fair and
impartial trial before such judge. Section 45—3
provides that the affidavit and motion may be made
at any time "either before or after the assignment
of the case for trial and either before a hearing
upon a motion or demurrer or the commencement of
trial of the said cause." As used in this statute the
phrase "before a hearing upon a motion or demur-
rer" means, and can only mean, the submission to

the court for decision of a motion or demurrer, and it matters not whether the motion or demurrer is submitted upon oral or written argument, or submitted without argument if argument is waived. The statute contains no language indicating a legislative intent to provide that by the mere filing, by a party or his attorney, of an affidavit which states no facts but merely imputes prejudice, a Circuit Judge, to whom a matter has been submitted for decision, can be deprived of the power to determine that matter. The record discloses that the demurrer was filed on November 21, 1923, and the affidavit of prejudice on January 9, 1924, and that between these two dates and before the filing of the motion and affidavit the demurrer had been submitted to the court on written briefs and had been taken under advisement by the court. For the purpose of deciding the demurrer, and to that extent only, we think the affidavit was filed too late, and that it was not error for the Circuit Court to disregard it. If the plaintiff, after the submission of the demurrer to the court for decision, and before a decision thereon had been rendered, had discovered that the trial judge, because of bias or prejudice, was disqualified, then, without reference to the statutes referred to, she could have set up the facts from which the disqualification arose by an affidavit, and this would have presented an issue, namely, whether the trial judge was qualified or disqualified, which that court would have had power to determine. In order to raise that question it would have been necessary for the facts from which the disqualification arose to be stated by affidavit, but a motion supported by an affidavit, under the sections involved here, requires no statement of fact, but merely the conclusion of the affiant that the

trial judge is disqualified or that the affiant believes him to be disqualified because of prejudice. This raises an entirely different question from that involved in the case first stated and leaves the court no power to pass upon his own qualifications. Under the sections of the statute referred to, if a motion supported by an affidavit is filed at the proper time the power of the court to hear or determine the case or a question arising upon demurrer or motion is at an end. Under the provisions of this statute, however, before a party to an action, suit or proceeding can avail himself of the right conferred by the statute, the motion and affidavit must be filed before and not after a matter is submitted to the trial judge for decision.

The legal theory upon which this complaint was drawn is that the decree in the foreclosure suit is in all respects valid and binding except that portion of it which provides for the recovery of an attorney's fee, and that the provision in the decree providing for the recovery of an attorney's fee is void. Upon this theory it is contended that everything done in the enforcement of the decree is valid except the sale of that portion of the land purchased by the defendant Stone and the confirmation thereof. Unless the complaint can be sustained upon that theory it must fail because it is upon that theory alone that the allegations of the complaint, if sufficient, can entitle the plaintiff to relief. This theory is based upon two facts which are alleged in the complaint: first, that the provision for attorney's fees contained in the note and mortgage is invalid because requiring the makers of the note, in case of their default, to pay to the holder a specified percentage of the amount

due; and, second, that Mrs. Ralston, one of the parties to the foreclosure suit and the owner of one half of the mortgage debt, did not consent to or authorize the foreclosure of the mortgage.

The note provides that "should suit be commenced or an attorney be employed to enforce the payment of this note, we agree to pay an additional sum of five per cent on principal as attorney's fees in such suit."

2. It is settled by numerous decisions of this court that a stipulation or provision in a promissory note, which provides that in an action upon the note or in a suit to foreclose a mortgage given to secure its payment the holder of the note may recover from the maker a stipulated, fixed or specified percentage or amount of attorney's fees, is invalid and unenforceable, and that where a note so provides, no attorney's fees can be recovered in such action or suit: *Balfour* v. *Davis,* 14 Or. 47 (12 Pac. 89); *Kimball* v. *Moir,* 15 Or. 427 (15 Pac. 669); *Commercial Nat. Bank of Ogden* v. *Davidson,* 18 Or. 57 (22 Pac. 517); *Levens* v. *Briggs,* 21 Or. 333, 338 (28 Pac. 15, 14 L. R. A. 188); *Parks* v. *Smith,* 95 Or. 300, 305 (186 Pac. 552).

The reason for the rule is that at the time a note is given the parties to the transaction have no knowledge of the value or extent of the services which may be required of an attorney in case the note should not be paid according to its terms, and that it is not consistent with sound public policy to allow parties, at the inception of a transaction of that nature, to fix the amount of attorney's fees recoverable for services which may subsequently be performed, the extent or value of which is not ascertainable at that time by either party to the transaction. Those decisions also hold that where a fixed amount of attor-

ney's fees is provided for in a promissory note, the
court, in an action or suit on the note, has no power
to allow a different amount, even though that amount
might be found to be reasonable, as that would result
in the making of a contract for the parties which
they have not made for themselves.

3. The court, therefore, erred in decreeing that the
plaintiffs should recover from the defendants the
sum of $5,700 or any sum, as attorney's fees in the
foreclosure suit. Because of this the plaintiff, as
guardian of the estate of Mrs. Ralston, contends that
the provision in the decree which awarded an attor-
ney's fee to the plaintiffs is void, and that the re-
mainder of the decree is binding and conclusive upon
the parties to that suit. This contention cannot be
sustained.

The defendants in that suit were the only parties
who were injuriously affected by the erroneous ruling
of the court. Those defendants are not parties to
this controversy, and for that reason if they had an
interest in the mortgaged property it could not be
affected by this suit. They took no steps to correct
the error, and the complaint alleges that their rights
and interests in the mortgaged property terminated
upon their failure to redeem. As to them, therefore,
the decree is final and conclusive.

For much stronger reasons the decree is binding
and conclusive upon this plaintiff who attempts to
attack the decree in her representative capacity.
The error complained of was a judicial error which
could have been corrected by the trial court during
the term on motion, or it could have been reviewed
by an appeal. Not having been so corrected the de-
cree is binding and conclusive upon the parties to it.

The complaint does not allege any grounds for

equitable intervention. The mortgaged premises were located in Klamath County, Oregon. The mortgagors were in default and a suit for the foreclosure of the mortgage was brought in the Circuit Court for that county. Under the Constitution and laws of this state that court had cognizance of that class of cases, and, therefore, had jurisdiction of the subject matter of the suit, and from the allegations of the complaint it had jurisdiction of the defendants in that suit. It hence had power to hear and determine the controversy then pending, as all of the elements essential to jurisdiction existed and were present in that suit.

"Jurisdiction," says Mr. Freeman in his work on Void Judicial Sales, § 2, "may be defined to be the right to adjudicate concerning the subject matter in a given case. To constitute this there are three essentials: 1. The court must have cognizance of the class of cases to which the one adjudged belongs. 2. The proper parties must be present; and 3. The point decided must be in substance and effect within the issue." In his work on Judgments, § 135, the same author says: "Jurisdiction being obtained over the person and over the subject matter, no error in its exercise can make the judgment void. The authority to decide being shown, it cannot be divested by being improperly or incorrectly employed."

It is not alleged that there was fraud in the procurement of the decree, nor is there any allegation that the plaintiff, as guardian for Mrs. Ralston, has sustained any pecuniary injury or damage by reason of the error complained of. The amount awarded as attorney's fees was not awarded to the attorney representing the plaintiffs in the foreclosure suit, but to the plaintiffs themselves. Under the allegations

of the complaint the only possible injury that could
result to the plaintiffs in the foreclosure suit from
the error complained of would be the difference be-
tween the amount allowed as attorney's fees and the
amount which, in the absence of a contract, the attor-
ney would be entitled to recover for the services
performed. That amount, in the absence of a con-
tract, would be the reasonable value of his services.
It appears from Exhibit "E" attached to the com-
plaint that it was agreed that for his services the
defendant Stone should be paid the amount which
was fixed by the court, and that at their election the
plaintiffs might pay that amount with interest at six
per cent per annum at any time within one year after
the date of the certificate of sale or compel him to
retain that part of the mortgaged property which
he should bid for in his own name at the sale.
Under this contract the plaintiffs in the foreclosure
suit could elect whether to pay the attorney's fees
in money or in property, and one year was given
them in which to make the election. On its face this
contract is fair and equitable, and, while it is alleged
that it was not signed by Mrs. Ralston or under her
authority, it is admitted that it was signed by Tor-
rance and by this plaintiff, who at the time was act-
ing in her own right, two of the three plaintiffs
named in that suit. There is no allegation that the
defendant has been paid for his services nor does
the complaint contain any offer to make compensa-
tion.

4. It is alleged that Mrs. Ralston refused to con-
sent to the institution of the foreclosure suit and that
her signature was attached by Hizar to Exhibit "E"
without authority and without her knowledge. Be-
cause of this it is contended, not that the decree as

an entirety is void, but that only that portion of it awarding attorney's fees to plaintiffs is void. It is also contended that all of the proceedings in the suit subsequent to the decree are valid except the sale of a part of the mortgaged premises in satisfaction of the amount allowed by the decree as attorney's fees. Exhibit "E" was signed subsequent to the entry of the decree, and whether signed by authority of Mrs. Ralston or not does not affect the validity of the decree. The mortgagors were in default at the time the foreclosure suit was instituted and the mortgagees were entitled to have it foreclosed. The mortgage debt was payable, one-half to Mrs. Ralston and the other half to her daughter, who is now the guardian for her mother. There is no allegation that this plaintiff in her own right did not authorize the defendant Stone to institute the foreclosure suit. The complaint alleges that Mrs. Ralston is aged and infirm and mentally incapable of conducting her own affairs. This suit is being instituted, not by Mrs. Ralston, but by her guardian, who was one of the plaintiffs in the foreclosure suit. If the suit was instituted without the consent of Mrs. Ralston, whether with or without the knowledge of the defendant Stone, it was instituted by the daughter of the ward in whose behalf this suit is brought, and if there was any concealment practiced upon Mrs. Ralston in the bringing of the suit that concealment was at least participated in by the guardian in this suit.

The statute (§ 392, Or. L.), requires that every suit shall be prosecuted in the name of the real party in interest except as in that section provided, and Section 394 provides that "if the consent of anyone who should have been joined as plaintiff cannot be ob-

tained, he may be made a defendant, the reason thereof being stated in the complaint.'' The mortgagors being in default, the plaintiff, in her individual right, and Torrance were entitled to have the mortgage foreclosed. Mrs. Ralston's consent to the prosecution of the suit was not essential under Section 394, as she could have been made a party defendant in the suit. There is no allegation in the complaint that the Circuit Court was informed of her refusal to consent to the prosecution of the suit, and on the face of the record in that suit she appeared as a party plaintiff. If her consent to the suit was essential to its maintenance, having the power to authorize the bringing of the suit she had the power subsequently to ratify the bringing of it. This she has done through her guardian who stands upon the decree and its enforcement and claims for her ward the benefits realized therefrom.

The complaint, therefore, does not state a cause of suit, and the judgment of the lower court in sustaining the demurrer and dismissing the suit is affirmed.      AFFIRMED. REHEARING DENIED.