(November 17, 1910.)

## TILLMAN BELL, Appellant, v. M. ALBERTA BELL, Respondent.

[111 Pac. 1074.]

CHANGE OF VENUE—PREJUDICE—SHOWING.

(Syllabus by the court.)

1. Where a party moves in the district court for a change of place of trial, on the grounds of the prejudice of the judge, it is not sufficient for him to state that "he has good reason to believe, and does believe, that he cannot have a fair and impartial trial," etc., but he must state the facts upon which he predicates his charge of prejudice and claims the right of a change of place of trial.

2. The prejudice of a judge contemplated by the constitution (sec. 18, art. 1) is a prejudice that is directed against the party litigant, and is of such a nature and character as would render it improbable that the presiding judge could or would give the litigant a fair and impartial trial in the particular case pending.

APPEAL from the District Court of the Second Judicial District, in and for the County of Nez Perce. Hon. Edgar C. Steele, Judge.

Appeal from an order granting a change of the place of trial on the grounds of the prejudice of the judge. *Reversed.*

F. E. Fogg, for Appellant.

Except under statutes expressly authorizing change of venue upon the filing of an affidavit by a party that he believes he cannot have a fair trial on account of the bias or prejudice of the judge, or some like provision, an affidavit of belief merely is insufficient.

An apprehension of a party that a judge is prejudiced against him is not sufficient for a change of venue. It must satisfactorily appear that prejudice in fact exists. (*In re Smith,* 73 Kan. 743, 85 Pac. 584; *De Walt v. Hartzell,* 7 Colo. 601, 4 Pac. 1201; *Dakan v. Superior Court,* 2 Cal. App. 52, 82 Pac. 1129; *Toledo R. R. Co. v. Eddy,* 72 Ill. 138; *Western Bank of Scotland v. Tallman,* 15 Wis. 92.)

Prejudice cannot be predicated on the mere fact of a former adverse decision even upon identical questions of law and fact. (*In re Dolbeer's Estate,* 153 Cal. 652, 96 Pac. 266, 15 Ann. Cas. 207, and cases cited; *State v. La Grange,* 94 Iowa, 60, 62 N. W. 664; *Purvis v. Frink,* 55 Fla. 715, 46 So. 171; *Doll v. Stewart,* 30 Colo. 320, 70 Pac. 326; *People v. Williams,* 24 Cal. 31.)

Daniel Needham, for Respondent.

Under the laws of this state, the motion and the showing made before the trial court were sufficient to warrant the court in granting the change of venue herein, and there was no abuse of discretion on the part of the trial court in so doing.

Prejudice of the judge is a ground for a change of venue. (*Day v. Day,* 12 Ida. 556, 86 Pac. 531, 10 Ann. Cas. 260; *Gordon v. Conor,* 5 Ida. 673, 51 Pac. 747.)

No one was better qualified to determine the question presented by the motion herein than the presiding judge himself, using his own discretion in the matter, regardless of the amount of extrinsic evidence offered. (*Avila v. Meherin,* 68 Cal. 478, 9 Pac. 428; *Lynes v. Eldred,* 47 Wis. 426, 2 N. W. 557; *Challoner v. Boyington,* 86 Wis. 217, 56 N. W. 640.)

"The granting of a change of venue in a civil case is, to a great extent, within the discretion of the trial court; and,

where it does not appear that such discretion was abused, or that any substantial right of the objecting party was materially affected by the change, the supreme court will not reverse an order of the district court granting such change, although it may not appear that the district court was clearly bound to grant the change." (*Waterson v. Kirkwood,* 17 Kan. 9; *Coffey v. Carthage,* 200 Mo. 616, 98 S. W. 562; *Multnomah County v. Willamette Towing Co.,* 49 Or. 204. 89 Pac. 389.)

AILSHIE, J.—This is an appeal from an order granting a change of venue. Prior to the time the case was called for trial, the defendant filed an affidavit as follows:

"M. Alberta Bell, being first duly sworn on oath, deposes and says that she is the defendant named in the above-entitled action, and has good reason to believe, and does believe, that she cannot have a fair and impartial trial in such action in said court on account of the prejudice of the judge thereof, the Hon. Edgar C. Steele; and the defendant makes this affidavit for the purpose of, and in support of, a motion for a change of the place of trial to some other judicial district of the state of Idaho where the cause complained of does not exist."

This affidavit was attached to a motion for a change of place of trial. The motion recited that it would be supported by the attached affidavit of defendant and "upon the files and records of this action, and also upon the findings of fact, conclusions of law and decree of the above-entitled court rendered in the case of *Bell v. Bell,* heretofore tried in this court, which findings, conclusions and decree are on file in the office of the clerk of the above-entitled court."

The motion came on for hearing, and the plaintiff resisted the same and filed objections thereto on the ground that the affidavit was insufficient, in that it did not recite the facts upon which the defendant relied to establish the existence of prejudice and bias on the part of the judge. The motion was granted and the cause was ordered transferred to Shoshone county for trial.

This motion for change of venue on the ground of prejudice and bias of the judge was made under the authority of *Day v. Day,* 12 Ida. 556, 86 Pac. 531, 10 Ann. Cas. 260, heretofore decided by this court, in which the court held that under the provisions of section 18, article 1, of the state constitution, a judge cannot try a case wherein it is shown that he is prejudiced against one of the parties to the action. In the Day case it was held that although the prejudice and bias of the judge is not included within the grounds enumerated in sec. 3900, Rev. Codes, as a disqualification of the judge to sit at the trial of a case, still the constitution prohibits a judge trying a case under such circumstances, and that the constitutional provision is self-executing, and must be treated as a ground additional to those enumerated in sec. 3900.

The only question with which we are now confronted is to determine whether the affidavit filed by the party seeking a change of place of trial shall set forth the facts upon which he concludes that the judge is prejudiced and biased against him, or if it is sufficient for him to state merely his conclusion, as has been done in this case, that "he has good reason to believe, and does believe, that he cannot have a fair and impartial trial in such action on account of the prejudice of the judge." If the facts constituting prejudice must be set forth in the affidavit, then the judge may determine whether or not, as a matter of law, such facts constitute legal prejudice. It would also subject the party making the affidavit to the pains and penalties of perjury in case he swears falsely. If, on the other hand, an affidavit is sufficient which states that the moving party *believes* that he cannot have a fair trial on account of the prejudice of the judge, then the question as to what constitutes prejudice is left to the moving party, and he is constituted the sole judge as to whether or not the judge of the court is so prejudiced against him as to prevent his having a fair trial.

In some states they seem to have a statute providing for a change of place of trial when a party to the action "makes and files" an affidavit that he cannot have a fair trial on account of the prejudice and bias of the judge, and that he

believes he cannot have a fair trial before the presiding judge. That is true in this state with reference to trials in justices' courts where the party "makes and files an affidavit that he believes that he cannot have a fair and impartial trial before such justice by reason of the prejudice or bias of the justice." (Sec. 4126, Rev. Codes.) Under this statute all that is necessary to do is to file an affidavit that the party believes that he cannot have a fair and impartial trial before the justice on account of prejudice or bias. This, in substance, seems to be the rule in Oklahoma. There they have a statute (sec. 6647, Snyder's Compiled Laws of Okl.) which provides that if the party "makes affidavit that he cannot have a fair and impartial trial before the county judge by reason of the bias or prejudice of the judge," he shall be entitled to a change of place of trial or to another judge to try the case. (*Rea v. State* (Okl.), 105 Pac. 384.) In this connection it may be observed that the Oklahoma courts have uniformly cited, approved and followed the case of *Day v. Day,* from this court, as will be seen from an examination of the following cases: *State v. Brown* (Okl.), 103 Pac. 762; *Ex parte Ellis* (Okl.), 105 Pac. 184; *Rea v. State* (Okl.), 105 Pac. 384.

It has been argued in this case that the record in the case of *Bell v. Bell,* 15 Ida. 7, 96 Pac. 196, showed on its face that the presiding judge was prejudiced against the moving party in this case. This argument is based on the fact that in *Bell v. Bell* the trial judge decided against the respondent on the question of property rights, which is the subject of litigation in this particular case. It should be remembered, however, that the appellate court did not determine that the trial judge erred in his decision against respondent on the questions, either of law or fact, involved in this particular case. The original case of *Bell v. Bell* was disposed of on appeal on other grounds, and so it has never been determined whether the trial judge found correctly or incorrectly on the facts submitted to him on that phase of the case. The fact even that he may have erred would in no way establish bias or prejudice on his part. There was in fact no showing made that established prejudice on the part of the trial judge.

Where the law requires that certain facts or a specified condition shall exist in order that a litigant may obtain any given relief, it stands to reason, and is consonant with the principles of justice, that he should disclose the facts to the court and the adversary party, and that the court should determine between the parties whether or not the requisite facts have been disclosed or condition shown which brings the party within the terms of the statute. It would generally be dangerous and unjust to allow either party litigant to determine within his own mind, secretly, as it were, that certain facts or circumstances exist which entitle him to the relief he seeks. All men have their peculiarities, and doubtless some temperamental elements of prejudice in their makeup. This may go to either a class of persons, a class of business, a custom of society or a principle of public policy, and the fact that they are elevated to the bench, while it may lessen the fault, will seldom eradicate it. Certain of those peculiarities or prejudices may, to the mind of the litigant, be sufficient to entitle him to a change of venue, and might convince him that he could not have a fair and impartial trial, but such reasons could not be accepted in law or by the courts or the public generally as constituting sufficient grounds for granting changes of venue, and dragging litigants and their witnesses from one county to another for the purpose of a trial. The prejudice contemplated by the constitution is a prejudice that is directed against the party litigant, and is of such a nature and character as would render it improbable that the party could have a fair and impartial trial in the particular case pending.

We conclude that it is essential for a party moving for a change of venue on the ground of the prejudice of the presiding judge, to make and file his affidavit setting forth the facts upon which he predicates his charge of prejudice and claims his right of change of place of trial.

As indicated in *Day v. Day,* there are two methods of attaining the desired result in cases where the change of place of trial is sought on the grounds only of prejudice of the judge: one is to call in a judge from another district to try

that particular case; and the other is to transfer the case to a county in another district. As suggested in the Day case, we think it is always better in this class of cases for the presiding judge to call in another judge to try the case than to transfer the cause.

The judgment is reversed and the cause remanded. Costs awarded to appellant.

Sullivan, C. J., concurs.

Petition for rehearing denied.