THOMAS B. HAY, Plaintiff, v. JOSEPHINE HAY and
Hon. W. F. McNAUGHTON, Judge of the Eighth
Judicial District of the State of Idaho, in and for Koo-
tenai County, Defendants.

[235 Pac. 900.]

CHANGE OF PLACE OF TRIAL—DIVORCE—PREJUDICE AND BIAS OF JUDGE
—STAY OF PROCEEDINGS—APPELLATE JURISDICTION.

1. Under the statute, an appeal from an order denying a change
of place of trial does not stay proceedings in the trial court.

2. The showing made in the petition for an order directing a
stay of proceedings in the trial court pending an appeal from the
order overruling a motion for a change of place of trial of an
action for divorce examined and *held* insufficient to justify an
order of this court directing a stay of proceedings.

Original proceeding. Petition for stay of proceedings.
*Denied.*

Wm. D. Keeton and Ezra R. Whitla, for Plaintiff.

Had the legislature sought to expressly prohibit the issu-
ance of an order of this court staying proceedings upon ap-
peal, its effort in that behalf would have been in conflict
with Const., art. 5, sec. 13, and ineffectual. (*Blackwell
Lumber Co. v. Empire Mill Co.*, 29 Ida. 236, 158 Pac. 792;
*Hemenway v. Craney*, 36 Ida. 11, 208 Pac. 407.)

Robert H. Elder, Ed S. Elder and James F. Ailshie, for
Defendants.

"The right to an appeal at law is purely statutory, and
the legislature may, under sec. 13, art. 5, of the state con-
stitution, prescribe in what case, under what circumstances
and from what courts appeals may be taken, and the manner
of taking them." (*Weiser Irr. Dist. v. Middle Valley Irr.
Ditch Co.*, 28 Ida. 548, 155 Pac. 484.)

The legislature has said that an appeal may be taken from
an order "granting or refusing to grant a change of place

of trial," and C. S., sec. 7162, provides that an appeal shall not stay the proceedings in the court below where the "order grants or refuses to grant a change of the place of trial of an action."

WM. E. LEE, J.—On receipt of the *remittitur* in the case of *Hay v. Hay, ante,* p. 159, 232 Pac. 895, in the district court presided over by Judge McNaughton, defendant Hay served on plaintiff a notice that at a time designated therein she would call up for hearing and disposition her motion for counsel fees and suit money. One day prior to the hearing of the motion plaintiff served and filed his motion for a change of venue on the ground of bias and prejudice of the judge. This motion was supported by the affidavit of plaintiff. The motion for a change of venue came on to be heard by Judge McNaughton and was denied. From that order plaintiff has perfected his appeal, and has petitioned this court to issue an order requiring Judge McNaughton to "desist" from proceeding to hear the motion for attorneys' fees and suit money until the appeal from the order denying a change of venue can be heard and determined. This court thereupon issued an order directing Judge McNaughton to "desist and refrain from all proceedings" relative to the motion for attorneys' fees and court costs until the further order of this court, and directing him to show cause why the order should not be made permanent. We are, therefore, confronted with the question of whether we will direct a stay of proceedings in the court below until the appeal from the order denying a change of venue may be heard and determined.

A motion for change of venue or change of place of trial (and these terms are here used interchangeably) is addressed in the first instance to the discretion of the trial court. (*Gilbert v. Washington Water Power Co.,* 19 Ida. 637, 115 Pac. 924; *Lessman v. Anschustigui,* 37 Ida. 127, 215 Pac. 460; *Ondes v. Bunker Hill & Sullivan Mining & Concentrating Co., ante,* p. 186, 232 Pac. 578. See, also, 27 R. C. L.

827, sec. 48.)   We cannot presume that the trial court incorrectly decided the question presented, for it surely cannot be that the determination of whether a district judge is disqualified because of prejudice and bias from trying a cause is by law left to a party to the action.   (*Bell v. Bell,* 18 Ida. 636, 111 Pac. 1074.   See, also, *Talbot v. Pirkey,* 139 Cal. 326, 73 Pac. 858; *Dakan v. Superior Court,* 2 Cal. App. 52, 82 Pac. 1129.)

In this state the legislature, to which the constitution has delegated the power to provide a system and a procedure for appeals from the district court (Const., art. 5, sec. 13; *Weiser Irr. Dist. v. Middle Valley etc. Co.,* 28 Ida. 548, 155 Pac. 484), has specifically provided that an appeal from an order denying a change of venue shall not stay proceedings in the district court (C. S., sec. 7162).   This legislative determination of the question would ordinarily be sufficient upon which to base the decision of this court.   But we are met with the contention that the constitution prohibits the legislature from interfering with the power of this court to issue such writs as may be necessary or proper to a complete exercise of its appellate jurisdiction.   (*Blackwell Lumber Co. v. Empire Mill Co.,* 29 Ida. 236, 158 Pac. 792.)   We are not able to see how a stay of proceedings in this case would in any manner be necessary to the exercise of the appellate jurisdiction of this court.   The appeal has been taken and will be decided when it is reached.   A stay was ordered in the *Blackwell Lumber Co. v. Empire Mill Co., supra,* a condemnation case, because of the peculiar facts existing in that case.   We do not look upon that decision as a precedent to be followed in this case.   Some reasons exist here that might on first impression seem to justify a stay of proceedings, but on more mature consideration of the issues involved we are led to believe that it would not be proper to do so.   We are unwilling to lay down a rule under which a husband, in a divorce case, by appealing from an order denying him a change of venue, could stay proceedings in the trial court and thereby deprive the trial court of the power to compel him to furnish his wife and children the actual necessaries

of life until such time as the appeal might be heard and determined.

Conceding, without deciding, therefore, that this court has full and complete power, in the exercise of its discretion, to grant or refuse a stay of proceedings where an appeal has been taken from an order denying a change of place of trial of an action, despite the provision contained in C. S., sec. 7162, we are of the opinion, from the showing made for a stay, that the appeal from the order denying a change of place of trial in this case should not operate to effect a stay of proceedings in the lower court pending the appeal, and deny the petition therefor.

The temporary order is set aside and the petition is denied.

William A. Lee, C. J., Budge, Givens and Taylor, JJ., concur.