(No. 6642.   March 23, 1939.)

LESLIE J. AKER, Appellant, v. EARL COLEMAN, Former Sheriff of Ada County, State of Idaho, as Principal, and HARTFORD ACCIDENT AND INDEMNITY COMPANY, a Corporation, Respondents.

[88 Pac. (2d) 869.]

Leslie J. Aker, *in propria persona,* and S. D. Fairchild, for Appellant.

Moffatt, O'Leary & Skiles for Respondents.

BUDGE, J.—This action was instituted by appellant against respondents, Earl Coleman, former sheriff of Ada county, and his official bonding company, Hartford Accident and Indemnity Company, a corporation, for damages sustained because of the sheriff's action with reference to an execution.

The amended complaint, divided into five counts, after setting forth that Coleman was sheriff and had filed his official bond, with the Hartford Accident and Indemnity Company as surety, contained allegations to the effect that Carrie B. Aker instituted and appellant was joined in an action against Edson and Olive G. Williams, case No. 14736, and that the constable attached certain personal property of the Williams April 6, 1935; that the Akers recovered judgment for $421.53, with interest, on March 24, 1936, which was assigned to appellant; about April 8, 1936, execution issued upon this judgment and was placed in the hands of Coleman, requiring him to satisfy said judgment out of the personal property theretofore attached and make return within 30 days; that Coleman, about April 8, 1936, pretended to levy upon the personal property attached, but failed, neglected and refused to levy upon all theretofore attached and appraised and fixed a value upon that levied upon by him as equal to or in excess of the amount of the judgment; that Coleman prepared notice for sale on execution of part of the personal property but failed, neglected and refused to post notices of sale immediately or to sell five days after preparation of such notices as provided by section 8–302, I. C. A.; that Coleman posted notices of sale, first on April 17, 1936, second on April 30, 1936, but entirely refused and neglected to hold such sale on the dates mentioned or any other date, and failed, neglected and refused to proceed with said execution or sale or to make re-

turn within thirty days. It is alleged that Coleman, with the purpose of assistance to the Williams, and to harass, annoy and defraud the judgment creditor, wrongfully solicited, encouraged and aided the Williams, Ernest Hermo and Standard Furniture Company to make and file false and unfounded claims to the personal property pretended to be held under execution in case No. 14736, which claims were made and filed after return of the constable, after rendition of final judgment in case 14736, more than five days after delivery of writ of execution to Coleman and more than one year after attachment; that by reason of, and after failure of Coleman to proceed with the execution, his encouragement for the filing of third party claims, his omissions and misconduct, appellant filed affidavit of claim of said personal property April 27, 1936; that about April 27th, Coleman demanded that Carrie B. Aker and appellant furnish a bond of indemnity against third party claims, which neither were able to provide by reason of impoverishment; that about May 1, 1936, Coleman commenced an interpleader action against third party claimants requesting they be compelled to interplead concerning their claims, the result being that the district court upheld the claims and contentions of appellant and adjudged that other claimants had no valid claims and directed and required Coleman to forthwith deliver to his successor all personal property theretofore attached and levied on in case No. 14736 for further proceedings under the execution, but that Coleman failed, neglected and refused to comply because a large part of the personal property had been disposed of by Peasley Transfer & Storage Co., with whom it had been left by Coleman, without authority of the court and consent of appellant; that Coleman refused, neglected and failed to turn the personal property over to his successor, or to make return to his successor showing to what extent he had executed the execution; that the remaining property was sold by Coleman's successor for $39 bid by Peasley Transfer Co., $12.35 being applied toward satisfaction of the judgment and the balance going for storage charges incurred by Coleman, and sheriff's costs. The following exhibits were attached to and made a part of the complaint; the bond of the sheriff, executed by Hartford Accident and Indemnity Co.; official oath of Coleman; execution

in case No. 14736; writ of attachment, April 6, 1935, and return of constable and inventory; notice of sheriff's sale; judgment and decree in the interpleader action; list of property levied on by Coleman; claim of appellant to property.

To the amended complaint respondents demurred on the ground each cause does not state facts sufficient to constitute a cause of action, that certain paragraphs are uncertain, ambiguous and unintelligible; that the second and third causes of action are barred by the statutes of limitation, and that paragraph III of the fourth cause of action is immaterial, irrelevant and redundant. A motion to strike various portions of the amended complaint was also interposed.

The general demurrer to the amended complaint was sustained and upon appellant's refusal to plead further the court ordered the cause dismissed with prejudice and from the judgment of dismissal this appeal is taken.

Appellant assigns as error, among others, that the court erred in sustaining the demurrer to the amended complaint and to each of appellant's causes of action, in sustaining the motion to dismiss and in dismissing the action. The grounds that the second and third causes of action are barred by the statutes of limitation were not urged in the lower nor in this court and need not be considered. The primary question before this court is whether or not the amended complaint stated any cause of action, the court passing only upon the general demurrer, which fact is made to appear from the statement of the lower court contained in the reporter's transcript, as follows:

"The COURT: It appearing that before expiration of the ten days after the filing of the plaintiff's amended complaint, the defendant asked for an extension of time in which to plead thereto, and that the Court granted such extension, and that within the time so extended the defendant filed his demurrer to the plaintiff's amended complaint *and that the Court sustained the general demurrer to said complaint,—for these reasons, and specifically for the reason that the defendant was not in default and that there is no complaint stating a cause of action before this Court,* the objection of the defendant to the offer of proof is sustained." (Emphasis inserted.)

Respondents in their brief likewise limit the question before this court as follows:

"The only question presented by the demurrer to the original complaint, and also to the amended complaint as shown later, is whether a sheriff is liable for damages to a judgment creditor, after the sheriff has refused to proceed with an execution because the judgment creditor, upon demand, refused to furnish an indemnity bond against third party claims."

A demurrer on the ground the complaint does not state facts sufficient to constitute a cause of action searches the complaint to determine whether the allegations therein contained entitled plaintiff to any relief, and where the complaint is sufficient to constitute a cause of action and put defendants upon defense it is not subject to general demurrer. (*Peterson v. Hailey Nat. Bank,* 51 Ida. 427, 6 Pac. (2d) 145; *Bicandi v. Payette Lumber Co.,* 55 Ida. 543, 44 Pac. (2d) 1103; *Furst & Thomas v. Elliott,* 56 Ida. 491, 56 Pac. (2d) 1064.) Although a complaint attempts to state several causes of action, if any one of the statements of causes of action is good, a general demurrer should be overruled (*Bonham Nat. Bank v. Grimes Pass Placer M. Co.,* 18 Ida. 629, 111 Pac. 1078), even though joined with a cause that is demurrable. (*Carter v. Wann,* 6 Ida. 556, 57 Pac. 314.)

Respondents confine their argument to the contention that, when on execution third party claims are filed against the executing officer he need not proceed with the execution unless an indemnity bond is furnished upon demand, and that no liability attaches for failure to proceed, and it is urged that in view of the facts alleged a cause of action does not exist by reason of the provisions of section 8-202, I. C. A., as amended by chapter 70, 1935 Session Laws, providing:

"If the property levied on be claimed by a third party as his property, or by the defendant as exempt property, by a written claim verified by the oath of said claimant, setting out his title thereto, his right to the possession thereof, and stating the grounds of such title or of such claim of exemption, and served upon the sheriff, the sheriff is not bound to keep the property unless the plaintiff, or the person in whose favor the writ of execution runs, on demand, indemnify the

sheriff against such claim by an undertaking by at least two good and sufficient sureties.''

How respondents can find solace in the foregoing section is not apparent inasmuch as it does not appear that the sheriff failed to keep the property because of appellant's failure to furnish an indemnity bond. The allegations do not disclose that the sheriff considered himself not longer bound to keep the property, but that to the contrary the sheriff specifically did not attempt to avail himself of the provisions of the statute but adopted a different method for his protection. It does not appear that the property was returned to the judgment debtors or turned over to third party claimants, but rather that the sheriff kept the property and instituted an interpleader proceeding for the purpose of having the rights of the various claimants finally determined under the provisions of section 5–321, I. C. A., providing:

''Whenever conflicting claims are or may be made upon a person for or relating to personal property, or the performance of any obligation or any portion thereof, such person may bring an action against the conflicting claimants to compel them to interplead and litigate their several claims among themselves. The order of substitution may be made, and the action of interpleader may be maintained, and the applicant or plaintiff be discharged from liability to all or any of the conflicting claimants, . . . . ''

This action was finally determined in appellant's favor. It is urged good faith of the sheriff is shown in that he commenced the interpleader proceeding before the expiration of the time allowed to return the writ of execution. Good faith may or may not be shown, but the fact remains that it is alleged, in effect, that although the sheriff commenced such proceedings, upon their final determination in appellant's favor and when the property could be sold, a goodly portion thereof had, in the *interim*, slipped from the control of the sheriff, and in so far as is disclosed this occurred not because he considered himself not further bound to keep the property. It is alleged in the amended complaint that:

''and most of the personal property, so held under execution as aforesaid, was wrongfully, and without notice to this plaintiff, sold and disposed of by Peasley Storage & Transfer Co.,

with whom it was stored, for the payment of alleged storage charges and keeper's fees on the same, of all of which facts the said defendant, Earl Coleman, had due knowledge and notice."

In *Price v. Pace,* 50 Ida. 353, 296 Pac. 189, this court said:

"And the general rule is that a sheriff is required to exercise ordinary reasonable care and diligence in keeping property coming into his possession under process, or levy. (24 R. C. L., p. 938, sec. 31; 35 Cyc., p. 1670; *Birmingham v. Carr,* 196 Mo. App. 411, 197 S. W. 711; *State v. Stidham,* 1 W. W. Harr. (Del.) 8, 110 Atl. 680; see note F, 91 Am. St. Rep. 541.) And where the loss of possession of property so held is due to the negligence of the officer having it in custody the owner has a right of action against him for his negligence. (24 R. C. L., p. 939, sec. 32; 35 Cyc., p. 1668; *Westberry v. Hand,* 19 Ga. App. 529, 91 S. E. 930; see Ann. Cas. 1912A, note, p. 1114.) . . . . The keeper Gibson, was the agent of the sheriff and any negligence on his part in failing to safely keep or guard the property must be imputed to the sheriff. (*Bailey v. Security Trust Co.,* 34 Cal. App. 348, 167 Pac. 409.)"

"In permitting the property to be sold for storage, the sheriff violated the duty to safely keep the same, and to restore it to the defendant on his recovering judgment." (*Aigeltinger v. Whelan,* 133 Cal. 110, 65 Pac. 125.)

It appears that the trial court sustained the general demurrers to each of the causes of action, treating the same as being one blanket general demurrer to the entire amended complaint, upon the theory that no indemnity bond having been given the amended complaint did not state a cause of action. It does not appear that other grounds of demurrer, or the motion to strike, were considered, and it is thus necessary for this court to consider only the question of whether the amended complaint states any cause of action, which must be answered in the affirmative in view of the allegations heretofore referred to and the fact that the case is not controlled by the provisions of section 8–202, I. C. A., as amended.

Appellant further contends that the court erred in denying his affidavit of prejudice and motion for change of

venue, relying upon section 1–1801, I. C. A., as amended by chapter 218, 1933 Session Laws, providing in part:

"Such affidavit .... shall be filed with the clerk of the district court in which the same may be pending at least five (5) days before the day appointed or fixed for the hearing or trial of any such action, motion, or proceeding, .... No more than one judge can be disqualified for bias or prejudice in said action or proceeding, at the instance of the plaintiff, .... "

The court was not in error in denying appellant's affidavit of bias and prejudice and motion for change of venue. The affidavit and motion was directed against both judges of the Third Judicial District, appellant, contrary to the provisions of the foregoing statute, seeking to disqualify more than one judge, and it further appears that the affidavit was filed after the ruling of the court upon the demurrer to the original complaint. Under similar statutory provisions it has been determined that a party may not be allowed to speculate upon what the ruling of the court may be and after any ruling has been made in the action, then for the first time seek disqualification on the ground of bias and prejudice. (*State ex rel. Johnson v. Circuit Court of Deschutes Co.*, 114 Or. 6, 233 Pac. 563, 234 Pac. 262; *Ralston v. Stone*, 113 Or. 506, 232 Pac. 631.)

Appellant further contends the court erred in denying his motion for default and for judgment, because of respondents' failure to "answer" the amended complaint within the time prescribed by law. Within the time allowed respondents to plead to the amended complaint the court granted them additional time within which to *plead*, and within such time the demurrers and motion to strike were filed. Power to enlarge the time to "demurrer or answer" under the provisions of section 5–905, I. C. A., cannot be questioned. However appellant urges respondents were required to *answer* within the time allowed, urging that the provisions of section 5–609, I. C. A., only empowers the court to grant additional time to *answer*. Considering a similar question this court in *Central Deep Creek Orchard Co. v. C. C. Taft Co.*, 34 Ida. 458, 202 Pac. 1062, said:

"a demurrer is an answer within the meaning of the provisions of C. S. Sec. 6832, (Now sec. 7–801, I. C. A.) (*Smith v. Clyne,* 16 Ida. 466, 101 Pac. 819; *Culver v. Mountain Home Electric Co.,* 17 Ida. 669; 107 Pac. 65.) Default cannot be taken while there is a demurrer on file and undisposed of. (*Oliphant v. Whitney,* 34 Cal. 25.)"

Certainly like reasoning permits only of the conclusion that a demurrer is an "answer" within the meaning of section 5–609, I. C. A.

The remaining assignments appear to be predicated upon the contention that respondents were in default, which not appearing to be the fact renders it unnecessary to consider such assignments.

The judgment is reversed and the cause remanded with instructions to reinstate the case and the amended complaint and overrule the general demurrer thereto. Costs awarded to appellant.

Ailshie, C. J., and Givens, Morgan and Holden, JJ., concur.