(No. 7053.  November 7, 1942.)

RAYMOND FRANK PRICE, Plaintiff, v. HONORABLE ALBERT H. FEATHERSTONE, Judge of the District Court of the First Judicial District of the State of Idaho, Defendant.

[130 Pac. (2d) 853.]

Frank Griffin for plaintiff.

Charles E. Horning for defendant.

BUDGE, J.—This is an application for a writ of review to the Honorable Albert H. Featherstone, District Judge of the District Court of the First Judicial District, and Anna K. Battick, clerk of the district court, requiring them to certify to this court, for review, all proceedings had and done in relation to that certain order made by said district judge on July 9, 1942, ordering and commanding petitioner to pay to Charles E. Horning $200.00 to apply on attorney's fees and $50.00 expense money to Elizabeth Mary Price, former wife of petitioner, together with petitioner's application for change of judge and his affidavit of bias and prejudice in support thereof.

The pertinent facts disclosed by the record are substantially as follows:

Elizabeth Mary Price, hereinafter referred to as the

plaintiff, commenced an action in the District Court of the First Judicial District against Raymond Frank Price, her husband, hereinafter referred to as the petitioner, for divorce. Said action was filed February 3, 1938. To the original complaint of plaintiff, a general demurrer was interposed, and sustained. Whereupon an amended complaint was filed, to which a general demurrer was likewise interposed and overruled. Whereupon petitioner, in open court, declined to plead further. His default was thereafter duly entered. The court, after hearing testimony, made and entered, May 11, 1938, its findings of fact and conclusions of law and its decree, awarding to plaintiff the custody of the minor children of plaintiff and petitioner.

No further proceedings were had until June 2, 1942, when petitioner filed a petition for modification of the divorce decree, praying therein that the custody of the minor children be withdrawn from plaintiff and awarded to him. June 29, 1942, plaintiff filed a motion, supported by affidavit, for an allowance of $200.00 attorney's fee and $50.00 expense money to defray her costs and expenses in defending against the petition filed by petitioner. On the same date the defendant, district judge, made an order requiring the petitioner to appear July 9, 1942, and show cause, if any he might have, why the allowance prayed for by plaintiff should not be made. July 2, 1942, the petitioner filed with the clerk of the District Court of the First Judicial District, an affidavit of bias or prejudice, under the provisions of Sec. 1-1801, I. C. A., as amended by Chap. 218 of the 1933 Session Laws, seeking to disqualify the defendant, district judge. On or about July 9th, petitioner filed an answer and affidavit in opposition to the motion and affidavit of plaintiff for allowance of attorney's fees, costs and expenses, heretofore referred to; on the same date plaintiff's petition for attorney's fees and expense money came on for hearing. Petitioner did not appear and was not represented by counsel. Whereupon the defendant, district judge, made and entered an order requiring petitioner to pay to Charles E. Horning, attorney for plaintiff, the sum of $200.00 to apply on attorney's fees, and the further sum of $50.00 costs and expenses necessarily to be incurred by plaintiff in defending against petitioner's petition for modification of the divorce decree.

In order to have the above order reviewed, petitioner sought, and obtained, from this court a writ of review,

which writ issued July 21, 1942, directed to the defendant, district judge, and the clerk of said district court, requiring them to certify and transmit to this court all records, papers and proceedings had in the District Court in relation to that certain order made July 9, 1942, as stated above; and further certify and transmit petitioner's application for change of judge and affidavit of prejudice.

To the writ of review the defendant, district judge, duly made his answer and return, wherein he sets out substantially the facts as hereinbefore related, and in addition thereto, denied that he is, or was, biased or prejudiced against petitioner; and that he declined to call in another district judge, for the further reason and upon the ground that prior to, and at the time, the divorce proceedings were had, and the decree entered, he was, and now is, the duly elected and qualified district judge of the First Judicial District. That the present proceeding for the modification of the divorce decree is not an independent action, but incident to, and ancillary to, the divorce suit. That, so far as the custody of said minor children is concerned, the divorce suit was not terminated upon the rendition of the divorce decree. That, with respect to the custody of said minor children, said suit is still pending. That said petition for modification of the divorce decree is a continuation of, and a further move in, said divorce action, all of which was contemplated and provided for in and by Sec. 31-705, I. C. A.

It is the contention of the defendant, District Judge, in view of the foregoing facts, as alleged in his return to the writ, that the affidavit of prejudice was not timely made or filed by the petitioner as provided by Sec. 1-1801, I. C. A., as amended, supra, or otherwise stated; that the affidavit of prejudice was not filed with the Clerk of the District Court of the First Judicial District, in which the original action for divorce was pending, at least five days before the day appointed, or fixed, for the hearing or trial of the divorce action. Therefore, Sec. 1-1801, I. C. A., as amended, supra, would not affect his jurisdiction. That the action for divorce, so far as the custody of the children was concerned, would remain a continuous proceeding until the youngest of the children reached the age of majority.

The defendant, District Judge, concluded that, having heard and determined the divorce action in which no affidavit of bias or prejudice was filed, and that the pro-

ceedings for modification of the divorce decree, being merely incidental and ancillary to the divorce action and not an independent action, his jurisdiction as to the custody of the minor children was continuous, Sec. 31-705, I. C. A., which, being true, the affidavit of bias or prejudice was filed too late to affect his jurisdiction to hear and determine petitioner's application; and that the provisions of Sec. 1-1801, I. C. A., as amended, supra, had no application.

The question, therefore, for determination is whether or not the defendant, District Judge, exceeded his jurisdiction, in making the order of July 9, 1942, or, in other words, under the facts disclosed in these proceedings, was the affidavit of prejudice filed too late? It is the contention of the petitioner, that the affidavit was filed in time and upon filing said affidavit, the defendant, District Judge, was without authority to act further in the proceedings then pending, other than to call in another District Judge to sit, or transfer the proceedings to some other court.

Chap. 218 of the 1933 Session Laws, amending Sec. 1-1801, I. C. A., provides, *inter alia*:

"A judge can not act as such in any of the following cases:

. . . .

"4. When either party makes and files an affidavit as hereinafter provided, that he has reason to believe, and does believe, he cannot have a fair and impartial hearing or trial before a District Judge by reason of the bias or prejudice of such judge. Such affidavit may be made by any party to an action, motion or proceeding, personally, or by his attorney or agent, and shall be filed with the Clerk of the District Court in which the same may be pending at least five (5) days before the day appointed, or fixed for the hearing or trial of any such action, motion, or proceeding, . . . . Upon the filing of the affidavit, the judge as to whom said disqualification is averred shall be without authority to act further in the action, motion, or proceeding, but the provisions of this section do not apply to . . . . the power of transferring the action or proceeding to some other court, nor to the power of calling in another District Judge to sit and act in such action or proceeding, providing that no judge shall so arrange the calendar so as to defeat the purposes of this section . . . ."

Under the provisions of Sec. 1-1801, I. C. A., as

amended, supra, the filing of the affidavit of prejudice, charging bias or prejudice on the part of the judge, is sufficient to disqualify him without any hearing as to whether the affidavit is true or false, and regardless of whether he is prejudiced as a matter of fact, and deprives him of all jurisdiction except to make a proper order of removal of the cause or calling in another judge as required by the statute. The truth of the affidavit filed is not what disqualifies the judge, but the affidavit itself. (*Stephens v. Stephens*, 17 Ariz. 306, 152 P. 164; *Speakman v. Sullivan*, 32 Ariz. 307, 257 P. 986, 56 A. L. R. 169; *W. S. U'Ren v. Bagley et al.*, 118 Ore. 77, 245 P. 1074, 46 A. L. R. 1173; Ex parte Ellis, 3 Okl. Cr. 220, 105 P. 184, 25 L. R. A., N. S., 653; *Finn v. Spagnoli*, 67 Cal. 330, 7 P. 746; *Day v. Day*, 12 Ida. 556, 86 P. 531; *State ex rel First Trust & Savings Bank, etc., v. Dist. Ct. of Thirteenth Judicial District, in and for Yellowstone County, et al.*, (Mont.), 146 P. 539-540-541; *State v. District Court of First Judicial District, in and for Lewis and Clark County*, (Mont.) 148 P. 312-313.)

■ The question here presented was properly determined adversely to the conclusion reached by the learned defendant, District Judge, in the case of *Bedolfe v. Bedolfe*, 71 Wash. 60, 127 P. 594, where, in the course of that opinion, the following language is used:

"It is next argued that an application for the modification of a decree in a divorce action is a continuation of the original case, and hence that the statute does not apply. We think the premise is sound, but that the conclusion does not follow. The statute in positive terms provides that no judge of a Superior Court 'shall sit to hear or try any action or proceeding' when his prejudice shall have been established in the manner therein provided. The right to a change of judges is purely statutory and does not exist except in those instances where the statute gives it. This rule is recognized in the authorities cited by the appellant. This is a proceeding in the original action. The original decree was entered on the 8th day of May, 1911. The petition in this proceeding was filed in February, 1912. After the original case had gone to final judgment, the statute became applicable to any subsequent proceeding in the original case. Our lawmakers, in recognition of the fact that it was just as essential for a litigant to feel that he had had a fair trial as it was that he should have a fair trial in fact, enacted the law."

(See also *State ex rel Foster v. Superior Court*, 95 Wash. 647, 164 P. 198.)

From what has been said, it follows that the order of the defendant, District Judge, made July 9, 1942, was void and therefore cannot be upheld. The cause is remanded with instructions to vacate the order, to transfer the proceedings to some other court, or call in another District Judge to hear and determine petitioner's motion for modification of the divorce decree and matters relating thereto. No costs allowed.

Givens, C.J., and Holden, and Ailshie, JJ., concur.