(No. 7084. July 1, 1943.)

WILLIAM F. DAVIS and LOLA E. DAVIS, his wife, Respondents, v. JOHN M. IRWIN and MARGARET E. IRWIN, his wife, Appellants.

[139 Pac. (2d) 474.]

P. E. Stookey for appellants.

Leo McCarty for respondents.

AILSHIE, J.—This action was commenced in the District Court by the respondents, Davis and wife, to obtain a decree of strict foreclosure on an escrow agreement to sell real estate. The pleadings prior to the amended cross-complaint are not contained in the record and are not involved in this case.

March 7, 1942, appellants filed an amended cross-complaint against the respondents and at the same time filed the statutory affidavit required by subd. 4 of sec. 1-1801, I.C.A., as amended by Laws 1933, c. 218, alleging prejudice and bias of the presiding judge, and asking for a change of judges under the provisions of the statute. The court minutes signed and approved by the judge of date of March 16th recite as follows: "The affidavit attempted to be filed disqualifying the judge is denied." The court proceeded with the trial of the case and on July 15, 1942, entered a decree in favor of the plaintiffs and against the defendants, the appellants herein. Thereafter appellants filed and served September 10th "Motion to set aside decree on ground court without jurisdiction," accompanying the same with affidavits showing proceedings that had previously been taken and alleging that the judge was without jurisdiction to try the case. The motion was denied and this appeal is prosecuted therefrom.

In 1881 the territorial legislature adopted the following statute with reference to disqualification of judges (Sec. 59, chap. VI, Code C. P. 1881), which statute has been carried forward as sec. 1-1801, I.C.A.:

"*Cases in which judge disqualified.* A judge can not act as such in any of the following cases:

"1. In an action or proceeding to which he is a party, or in which he is interested.

"2. When he is related to either party by consanguinity or affinity within the third degree, computed according to the rules of law.

"3. When he has been attorney or counsel for either party in the action or proceeding. But this section does not apply to the arrangement of the calendar or the regulation of the order of business, nor to the power of transferring the cause to another county."

In 1906 the question of the *prejudice* of a judge was raised in *Day v. Day*, 12 Ida. 556, 86 P. 531, 10 Ann. Cas. 260, and the court held that, notwithstanding the fact that the statute made no provision for change of venue, in a case where the judge was biased or prejudiced, nevertheless, under sec. 18 of art. 1 of the constitution, every litigant is entitled to trial of his case before an unprejudiced judge; that "Justice shall be administered without sale, denial, delay or prejudice." Subsequent thereto, in 1910, in the case *of Bell v. Bell*, 18 Ida. 636, 111 P. 1074, the court held that it was not sufficient for a party, moving for a change of venue on the constitutional ground of the *prejudice of the judge,* to merely say: "that 'he has good reason to believe, and does believe, that he cannot have a fair and impartial trial' [before the judge], but he must state the facts upon which he predicates his charge of prejudice," so that a court or judge may judicially pass on the sufficiency of the showing.

It was not until 1933 that the statute, as originally enacted by the territorial legislature, was change or altered; and then the only change made was the addition of subd. 4 of sec. 1-1801, I.C.A., 1933 Sess. Laws, chap. 218, p. 464; which addition is as follows: (1933 Sess. Laws, chap. 218, p. 464)

"4. When either party makes and files an affidavit as hereinafter provided, that he has reason to believe, and does believe, he cannot have a fair and impartial hearing or trial before a district judge by reason of the bias or prejudice of such judge. Such affidavit may be made by any party to an action, motion or proceeding, personally, or by his attorney or agent, and shall be filed with the Clerk of the District Court in which the same may be pending at least five (5) days before the day appointed or fixed for the hearing or trial of any such action, motion, or proceeding, (providing such party shall have had notice of the hearing of *such action, motion, or proceeding* for at least the period of five (5) days, and in case he shall not have had notice for such length of time, he shall file such affidavit *immediately upon receiving such notice*). Upon the filing of the affidavit, the judge as to whom said disqualification is averred *shall be without authority to act further in the action, motion, or proceeding,* but the provisions of this section do not apply to the arrangement of the calendar, the regulation of the order of business, the power of transfer-

ring the action or proceeding, to some other court, nor to the power of calling in another district judge to sit and act in such action or proceeding, providing that no judge shall so arrange the calendar so as to defeat the purposes of this section. No more than one judge can be disqualified for bias or prejudice, in said action or proceeding, at the instance of the plaintiff, and no more than one at the instance of the defendant, in said action or proceeding, and this limitation shall apply however many parties or persons in interest may be plaintiffs or defendants in such action or proceeding. If there be more than one judge in any judicial district in which said affidavit is made and filed, upon the first disqualification of a judge in the cause, another judge, residing in the judicial district wherein the affidavit is made and filed, must be called in to preside in such action, motion, or proceeding; and upon the second or any subsequent disqualification of a judge in the cause, a district judge of another judicial district of the state must be called in to preside in such action, motion, or proceeding, or the action, motion, or proceeding transferred to a district judge of another judicial district of the state; when another judge has assumed jurisdiction of an action, motion, or proceeding, the Clerk of the District Court in which the same was pending, shall at once notify the parties or their attorneys of record in the same, either personally or by registered mail, of the name of the judge called in, or to whom such action, motion, or proceeding was transferred. Such second or subsequent affidavit of disqualification shall be filed with the Clerk of the District Court in which such action, motion or proceeding may be pending within three (3) days after the party or his attorney of record filing such affidavit, has received as to the judge assuming jurisdiction of such action, motion, or proceeding." (Italics inserted.)

 Since that time there has apparently been some diversity of opinion as to just *when* the party, who moves for a change of venue on account of prejudice of the judge, may make his motion. It seems to be generally agreed and understood, that the making and filing of the affidavit by the litigant or his attorney, stating "that he has reason to believe, and does believe, he cannot have a fair and impartial hearing or trial before a district judge by reason of the bias or prejudice of such judge," ousts the trial judge of any further jurisdiction to take any action other than to call in another judge or transfer the action or proceeding

to some other court. (*Price v. Featherstone*, 64 Ida. 312, 130 P. (2d) 853; *Stephens v. Stephens*, 17 Ariz. 306, 152 P. 164.) The statute further provides that the affidavit may be made by any party to "an *action, motion* or *proceeding, . . . .* and shall be filed with the Clerk of the District Court in which the same may be pending at least five (5) days before *the day appointed or fixed for the hearing or trial* of any such action, motion, or proceeding", (Italics inserted). The filing of such affidavit and motion, however, must be at least five days before the hearing, *except* in cases where the notice has not been given for five days, in which latter case the moving party is required to "file such affidavit immediately upon receiving such notice."

Immediately following the latter above quotation, the statute further provides:

"Upon the filing of the affidavit, the judge as to whom said disqualification is averred shall be without authority to act further in the *action, motion, or proceeding*," except as to arrangement of calendar or regulation of the order of business or power to transfer the case, etc. It will be observed that the statute further provides:

"No more than one judge can be disqualified for bias or prejudice, in said action or proceeding, at the instance of the plaintiff, and no more than one at the instance of the defendant."

The provisions of the 1933 amendment, supra, were called into question in the case of *Aker v. Coleman,* 60 Ida. 118, 126, 88 P. (2d) 869, where the plaintiff had sought to disqualify *both of the presiding judges* of the third judicial district in one motion and affidavit. The trial court overruled the motion and this court affirmed the action of the trial judge, saying:

"The court was not in error in denying appellant's affidavit of bias and prejudice and motion for change of venue. The affidavit and motion was directed *against both judges of the Third Judicial District,* [Italics ours] appellant, contrary to the provisions of the foregoing statute, seeking to disqualify more than one judge, and it further appears that the affidavit was filed after the ruling of the court upon the demurrer to the original complaint."

This court added the following comment, upon which defendant here places stress:

"Under similar statutory provisions it has been deter-

mined that a party may not be allowed to speculate upon what the ruling of the court may be and after any ruling has been made in the action, then for the first time seek disqualification on the ground of bias and prejudice."

(*State ex rel. Johnson v. Circuit Court of Deschutes Co.,* 114 Or. 6, 233 P. 563, 234 P. 262; *Ralston v. Stone,* 113 Or. 506, 232 P. 631.)

The decision in the Aker case turned on the fact that Aker attempted to disqualify *two judges* on the ground of prejudice under subd. 4 of the statute, which is not permitted under the amendment. What was said in that case with reference to the holding of other courts, under other circumstances, was said arguendo only and was not something upon which the opinion was intended to rest.

A further examination of the Oregon cases cited, supra, and the Oregon statute (1 Ore. Comp. Laws Anno. 1940, secs. 1-502 and 1-503), on which they are based, discloses the fact that the Oregon statute differs substantially from ours. It provides, inter alia:

"Sec. 1-502 . . . . provided, however, no such motion and affidavit shall be filed against any judge after such judge has passed upon any petition, demurrer or motion, except a motion to extend time in any such cause, matter or proceeding, . . ."

The Oregon statute was apparently taken from the Washington statute (see *State ex rel. Johnson v. Circuit Court,* supra; 2 Rem. R. S., Wash., secs. 209-1 and 209-2) ; and the Washington court has held that, under their statute, a party desiring a change of venue, on account of the prejudice of the judge, must make application therefor, prior to his making application for any other ruling in the case and prior to the court's ruling on any issue of law or fact. (*State ex rel Lefebvre v. Clifford,* 65 Wash. 313, 118 P. 40.)

It is clear that the amendment to our statute (subd. 4) was not taken literally from either the Washington or Oregon statute; and that it differs materially in some respects from those statutes, so much so that we do not consider the cases authority for the contention made by defendant in the present case.

The Oregon statute, as quoted and construed in *State ex rel Johnson v. Circuit Court,* supra, was amended by chap. 143 of the 1925 Session Laws (General Laws of Oregon

1925, p. 218), by adding the following provision to sec. 45-2, Oregon Laws:

"And that it is made in good faith and not for the purpose of delay, and shall be filed with such motion at any time prior thereto or within one day after such action, suit or proceeding is at issue upon a question of fact, or such further time as the court may allow, and not otherwise, except that in judicial districts having a population of 100,000 or more, the affidavit and motion for change of judges shall be made at the time and in the manner prescribed in sec. 45-3, Oregon Laws."

Additional amendments were made to the above quoted section by subsequent sessions of the legislature, as will appear from the notes and annotations to sec. 1-502, 1 Oregon Comp. Laws 1939, and *State Capitol Reconstruction Commission v. McMahan,* 160 Ore. 83, 83 P. (2d) 482. In the latter case the Oregon court called attention to the Washington cases of *State v. Funk,* 170 Wash. 560, 17 P. (2d) 11, and *Black v. Yoder,* 171 Wash. 341, 17 P. (2d) 850, and then comments as follows:

"In these cases it was held that the motion for change of judge was properly denied, in the former, because it was not made until immediately before the case was ready to be called for trial, and, in the latter, because it was not made until one day before the trial and five months after the defendant had appeared in the case. Without expressing any opinion as to the correctness of these decisions, it is sufficient to say that they are not in point because at the time of their rendition the Washington statute (Rem. 1927 Supp., sec. 209-2) contained no provision similar to that in sec. 1-406 of our Code, permitting the motion to be filed 'within one day after such action, suit or proceeding is at issue upon a question of fact'."

We had the construction of our statute before us in the case of *Price v. Featherstone,* 64 Ida. 312, 130 P. (2d) 853, 855, 143 A.L.R. 407, wherein application was made for modification of a decree of divorce, and among other things, held:

"Under the provisions of sec. 1-1801, I.C.A., as amended, supra, the filing of the affidavit of prejudice, charging bias or prejudice on the part of the judge, is sufficient to disqualify him without any hearing as to whether the affidavit is true or false, and regardless of whether he is prejudiced

as a matter of fact, and deprives him of all jurisdiction except to make a proper order of removal of the cause or calling in another judge as required by the statute. The truth of the affidavit filed is not what disqualifies the judge, but the affidavit itself."

It should be noticed that the decision in that case rested on the fact, that the *statutory affidavit was filed*. In conclusion we held that, after the original case had gone to final judgment, the statute remained applicable to any subsequent proceeding in the same case.

The purpose of this statute was to enable a litigant to have a change of judges on account of prejudice, or believed prejudice of the judge without having to give his reasons therefor, by setting out the detail or circumstances which he claims constitutes bias or prejudice of the judge, as is required to establish *actual prejudice and bias* under the constitution. (*Day v. Day,* supra; *Bell v. Bell,* supra; *State v. Ward,* 51 Ida. 68, 74, 1 P. (2d) 620; *Hay v. Hay,* 40 Ida. 627, 629, 235 P. 900; see also *Rea v. State,* 3 Okl. Cr. 276, 105 P. 384, 139 Am. St. Rep. 954.) The rule announced in *Day v. Day* and *Bell v. Bell,* supra, still prevails in cases of *actual bias and prejudice.*

In view of the language of the statute, it seems to us that the litigant or his attorney may make application for disqualification of the judge, subject to the time limit of five days after "notice of the hearing of such action, motion or proceeding"; or in case of lack of five days notice, then "immediately upon receiving such notice." It would be a strained and unnatural construction upon this statute, to hold that the litigant must file his affidavit of prejudice of the judge at his first appearance in the case or otherwise waive the objection. Under our practice, where some districts have two judges and others have only one, and where any judge may be called in from an outside district to hear and try a case or hold a term of court, it often happens that neither the litigant nor his attorney knows what judge will try the case until after it is set down for trial. If he is to be required to file his affidavit on his first appearance in the case, he would be deprived of his privilege of alleging prejudice against the judge called in to try the case. Moreover, in districts where there are two presiding judges, he might be willing for one of them to try the case but might feel that the other was prejudiced against him. Still he

might not know until after the case was set down for trial, who will try it.

Furthermore, the fact that the legislature used the words, "action, motion, or proceedings," and then required the motion for change of judge to be made *within five days after notice of the* hearing of *"such action, motion, or proceeding"*, is indicative of the intention of the legislature to permit the filing of the affidavit at any time within the limitation specified after having appeared in the case, whether he had participated in presentation of any matter to the judge or not. The limitation as to time of making the motion was evidently incorporated in the statute, to enable the presiding judge to call in another judge or transfer the case to another county or district for trial and thus avoid delay in disposition of the case. On the other hand, it was clearly intended that such a change shall not be made in the midst of a *hearing or trial* on an "action, motion or proceeding."

Complaint has been made by some members of the bench and bar against this statute, as permitting delay in the trial of cases and allowing changes of venue where no actual prejudice exists against the moving party. That may be, and doubtless is, true in some cases but the statute has the merit of allowing a litigant to remove his case from a judge, who he feels to be unfriendly to or prejudiced against him, his cause of action, his business, his class, or his witnesses, without having to go into detail as to the reasons for his belief. The reason may seem very real to him. After all, it is in the interest of the impartial administration of justice, to relieve, as far as possible, the mind of every litigant of any thought, whether well or ill founded, that he is not going to have a fair trial.

The change of judge should have been allowed. The order is reversed and the case is remanded with direction to call in another judge "to sit and act" in the case or transfer the case to another district court. Costs awarded in favor of appellant.

Holden, C.J., Givens, and Dunlap, JJ., concur.

Budge, J., did not sit at the hearing or participate in the foregoing opinion.