(No. 7119. July 15, 1943.)

WALTER H. ANDERSON, Plaintiff, v. HON. CHARLES E. WINSTEAD, District Judge of the Third Judicial District, for Ada County, Defendant.

[140 Pac. (2d) 233.]

Walter H. Anderson, pro se.

Ralph H. Breshears for defendant.

AILSHIE, J.—This is an original application for a writ of prohibition directed to defendant, as judge of the Third Judicial District, to prohibit him from proceeding further in an action entitled, *First Security Bank of Idaho, National Association, a corporation, Plaintiff, v. Clarence L. Hillman et al., Defendants,* pending in that court. With the application for writ, plaintiff filed his affidavit in support thereof, within which was incorporated copy of an affidavit that had been filed in the trial court, stating "that he has reason to believe and does believe that he cannot have a fair and impartial trial and hearing before the Honorable Charles E. Winstead, . . . one of the judges in the above entitled court, by reason of the bias and prejudice of said judge." It is further alleged that the defendant judge never acquired jurisdiction to make any orders in the action; that, on motion of plaintiff bank, the affidavit of prejudice was ordered stricken from the files.

Alternative writ of prohibition issued May 1, 1943, commanding defendant, District Judge, to desist and refrain from any further proceedings in the action specified in the application; and to show cause why he should not be permanently restrained from any further proceeding in the action, except as specifically authorized by subd. 4 of sec. 1-1801, I.C.A. May 6th, return to the alternative writ was filed by defendant, praying that the petition be denied and the alternative writ be quashed. May 11th demurrer to the return was filed by defendant Anderson. The matter is now under advisement on return to the writ and demurrer to the same.

Upon the authority of *Davis et al. v. Irwin et al.,* 65 Ida. 77, 139 P. (2d) 474, filed July 1, 1943, the writ will be made permanent. When the affidavit of prejudice was filed, the defendant judge lost jurisdiction to take any further action in the case except "the arrangement of the calendar, the regulation of the order of business, the power of transferring the action or proceeding to some other court . . . the power of calling in another District Judge to sit and act in such action or proceeding."

The writ will accordingly be made permanent. No costs awarded.

Holden, C.J., and Givens and Dunlap, JJ., concur.

BUDGE, J., dissenting.—I am unable to concur in the majority opinion in the above entitled cause for reasons which I shall briefly state.

From the record the following facts appear: On October 26, 1942, the First Security Bank of Idaho, National Association, a corporation, as plaintiff, filed a complaint in the District Court of the Third Judicial District of the State of Idaho, for Ada County, against Clarence L. Hillman, Walter H. Anderson, Clyde Bowen and Evelyn B. Skinner, as defendants, by which said complaint it was sought on the part of plaintiff to obtain a declaratory judgment. On November 16, 1942, defendants Walter H. Anderson and Clyde Bowen filed a demurrer to the complaint in behalf of themselves. On February 1, 1943, plaintiff here, Walter H. Anderson, by letter addressed to Judge Winstead, presiding judge and defendant here, requested permission to submit his demurrer on briefs, which request was granted by the trial judge after consulting with counsel for First Security Bank of Idaho, National Association, and obtaining the agreement, and on February 2, 1943, Walter H. Anderson was advised that his demurrer could be submitted on briefs, and he was granted ten days within which to submit an opening brief. He was also granted ten days to submit an answering brief. The Clerk of the District Court was by Judge Winstead directed to show in the minutes of the court that demurrer had been submitted on brief. Subsequently, Walter H. Anderson filed a written brief in support of his demurrer and a reply brief in response to brief filed by counsel for First Security Bank of Idaho, National Association. On March 8, 1943, the defendant judge overruled the demurrer of Walter H. Anderson and Clyde Bowen in conformity with the memorandum decision of the same date. Walter H. Anderson was granted 20 days in which to answer the complaint in conformity with the memorandum decision. March 30, 1943, Walter H. Anderson and Bowen filed their answer and on the same date, Walter H. Anderson filed an affidavit of prejudice. On April 21, 1943, Winstead, judge, on motion of counsel for First Security Bank of Idaho, National Association, entered an order striking the affidavit of prejudice from the files. On May 1, 1943, an application was made to this court for an alternative writ

of prohibition, which was issued on the same date. On May 6, 1943, Judge Winstead filed his return to the alternative writ.

Plaintiff Anderson seeks to prohibit defendant judge from proceeding with the trial of the action herein referred to upon the ground that having filed an affidavit of bias and prejudice as permitted by subd. 4, sec. 1-1801, I.C.A., as amended by chap. 218, 1933 S.L., the District Judge became disqualified and was without jurisdiction to act further in the action other than to transfer said action to some other court, or to call in another District Judge to sit and act in said action.

The sole and only question here for consideration is whether or not the affidavit of bias and prejudice filed by plaintiff Walter H. Anderson was timely filed.

Subd. 4, sec. 1-1801, I.C.A., as amended in chap. 218, 1933 S.L. provides *inter alia*:

"When either party makes and files an affidavit as hereinafter provided, that he has reason to believe, and does believe, he cannot have a fair and impartial hearing or trial before a District Judge by reason of the bias or prejudice of such judge. Such affidavit may be made by any party to an action, motion or proceeding, personally, or by his attorney or agent, and *shall be filed with the Clerk of the District Court* in which the same may be pending *at least five* (5) *days*, before the day appointed or fixed for the hearing or trial of any such action, motion, or proceeding (providing such party shall have had notice of the hearing of such action, motion, or proceeding for at least the period of five (5) days, and in case he shall not have had notice for such length of time, he shall file such affidavit immediately upon receiving such notice). Upon the filing of the affidavit, the judge as to whom said disqualification is averred shall be without authority to act further in the action, motion, or proceeding, * * *." (Italics ours.)

It will be observed that the complaint of the First Security Bank of Idaho, National Association, was filed October 26, 1942; that on November 26, 1942, Walter H. Anderson and Bowen filed their demurrer to the complaint; that on February 1, 1943, Walter H. Anderson requested and obtained permission to submit his demurrer on briefs; that subsequently Walter H. Anderson filed his written brief in support of his demurrer, and a reply brief in response to

brief filed by counsel for First Security Bank of Idaho, National Association. On March 8, 1943, the defendant judge overruled the demurrer and allowed Anderson and Bowen 20 days in which to answer the complaint. On March 30, 1943, said Anderson filed his answer and also his affidavit of bias and prejudice. Said affidavit of bias and prejudice was filed approximately 155 days after the filing of the complaint, approximately 134 days after filing of the demurrer, and approximately 22 days after the demurrer was overruled.

Applying the provisions of subd. 4, supra, to the facts as disclosed by the record, the affidavit was not timely filed.

The disqualification of a District Judge may be waived or an estoppel arise by failure to interpose any objection thereto at the earliest available opportunity [10 Ann. Cas. 967, 57 A.L.R. 284] or permitting the cause to proceed to judgment or where the objection is first made subsequent to the making of rulings in the cause involving the exercise of judicial discretion.

In the instant case, plaintiff's affidavit was not filed within time and not until after the trial judge had ruled upon the demurrer adversely to plaintiff. In *Aker v. Coleman*, 60 Ida. 118, 88 P. (2d) 869, it is held that an affidavit of bias and prejudice was not timely filed "after the ruling of the court upon the demurrer to the original complaint," and that "Under similar statutory provisions it has been determined that a party may not be allowed to speculate upon what the ruling of the court may be and after any ruling has been made in the action, then for the first time seek disqualification on the ground of bias and prejudice." In *State v. Superior Court*, 106 Wash. 507, 180 P. 481, it is said: "We have held that a party may not invite a ruling, and, being then dissatisfied, file an affidavit of prejudice." *Ralston v. Stone*, 113 Ore. 506, 232 P. 631, is to the effect that an affidavit of prejudice in order to be timely must be filed before the submission of a demurrer to the court for decision. The following language appears in *State v. Clifford*, 65 Wash. 313, 118 P. 40:

"* * * we cannot conclude that it was intended by the act that a party could submit to the jurisdiction of the court by waiving his rights to object until by some ruling of the court in a case he becomes fearful that the judge is not favorable to his view of the case. In other words, he is not allowed to speculate upon what rulings the court will make

on propositions that are involved in the case, and, if the rulings do not happen to be in his favor, to then for the first time raise the jurisdictional question."

It is likewise said in *State v. Superior Court*, 114 Wash. 335, 195 P. 25:

"The point we wish to emphasize is that a motion for a change of judges, supported by an affidavit of prejudice, is timely made, if filed and called to the attention of the court before it has made any ruling whatsoever in the case, either on the motion of the party making the affidavit or on the motion of any other party to the action, of the hearing of which the party making the affidavit has been given notice; otherwise it is not timely made."

From *State v. Armijo*, 39 N.M. 502, 50 P. (2d) 852, we quote as follows:

"We hold that an affidavit of prejudice is timely made *if filed and called to the attention of the court before it has made any ruling on any litigated or contested matter whatsoever in the case, either on a motion, demurrer, or plea of the party making the affidavit*, or on the motion, demurrer, or plea of any other party to the action, of the hearing of which the party making the affidavit has been given notice, otherwise it is not timely made. *We cannot permit a litigant to test the mind of the trial judge like a boy testing the temperature of the water in the pool with his toe, and if found to his liking, decides to take a plunge.* The plunge into the pool of litigation with an affidavit disqualifying the trial judge *must be made on a belief of prejudice theretofore entertained, and not on any subsequent discovery of such belief of prejudice resulting from an adverse ruling."* (Italics ours.)

It is well known that the statute above referred to providing for disqualification of a judge by reason of prejudice has been much abused, and in my opinion to enlarge its provisions to the extent as held in the majority opinion is not in the interest of the administration of justice or the dispatch of judicial business. Injunctive relief should not be granted where there is a plain, speedy and adequate remedy at law. If plaintiff was dissatisfied with the ruling of the trial judge upon the demurrer, he had the right of appeal. Causes should not be tried by piecemeal, that is one judge passing upon the law of the case and another trying the merits of the case.

The writ should be denied.